The Honorable Justin L. Quackenbush

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

9

10

**Gregory A. Beadles,**

Plaintiff,

11

vs.

12

**ReconTrust Company, N.A.,  Mortgage Electronic
Registration Systems, Inc., A Delaware Corp.,
American Mortgage Network, Inc., A Delaware
Corp.,  Countrywide Bank, FSB, DOES 1 – 10
Federal National Mortgage Association**,

Defendants.

13

14

15

16

Case No.:  CV-12-00378-JLQ

**COMBINED JOINT STATUS
REPORT AND DISCOVERY
PLAN**

17    Pursuant to the Court's Order of June 20, 2012, the parties conferred regarding matters

18  involved in the litigation.

19  1.  <u>Conference of Parties</u>.  The following parties were present through their counsel of record at

      the conference as follows:

20        a.  For Plaintiff Gregory Beadles:  John A. Long, John Long Law PLLC;

21        b.  For Defendants Federal National Mortgage Association ("Fannie Mae"), ReconTrust

            Company, N.A. (ReconTrust"), Mortgage Electronic Registration Systems, Inc.

22            ("MERS"), and Bank of America, N.A., successor by merger to Countrywide Bank,

            FSB and BAC Home Loans Servicing, LP ("BAC"):  John S. Devlin, III, Lane Powell

23            PC;

24

COMBINED JOINT STATUS REPORT AND
DISCOVERY PLAN  - 1
CASE NO. CV-12-378-JLQ

JOHN LONG LAW PLLC
300 NE Gilman Blvd ◆ Suite 100
Issaquah, WA. 98027
Ph (425) 427-9660
Fax 866-360-6847

     c.  For Defendant American Mortgage Network, Inc.: Tiffany Scott Connors, Lane Powell PC.

2. <u>Whether parties have notified court of their consent to a magistrate hearing the case</u>.  The parties have not consented to hearing by a magistrate judge.

3. <u>Whether jurisdiction and venue exist</u>:  The parties agree that jurisdiction lies with the United States District Court for the Eastern District of Washington since the suit involves title to real property located in Spokane County, Washington.

4. <u>Whether service of process is complete</u>:  The parties agree that service of process is complete.

5. <u>A brief description of the claims and defenses</u>:  Plaintiff's claims arise from the non-judicial trustee sale of his home located in Spokane County, Washington during 2011.  Plaintiff asserts claims for Wrongful Foreclosure, Breach of Duty to Act in Good Faith as a Neutral Third Party -Against Recon Trust, Negligent and/or Intentional Misrepresentation, Violation of Washington Consumer Protection Act, Quiet Title and Slander of Title.

6. <u>A brief description of defenses:</u>  Defendants' defenses derive from Washington State statutory and case law.  Defendants deny Plaintiff's claims.  Defendant American Mortgage Network denies that Plaintiff can state or has stated a claim against AMN upon which relief can be granted.  The Complaint admits AMN gave up all rights in its loan and did not service the loan after 2010.  But the Complaint seeks relief from a non-judicial foreclosure events occurring after the assignment of the loan from AMN to BAC Home Loan Servicing LP.  Those events started with the March 2011 recording of a notice of trustee's sale and culminated with a trustee's sale conducted on July 1, 2011.  These events occurred after AMN's dealings with Plaintiff.   There is not a single allegation in the Complaint that implicates AMN.  Defendants Federal National Mortgage Association ("Fannie Mae"), ReconTrust Company, N.A. ("ReconTrust"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Bank of America, N.A., successor by merger to Countrywide Bank, FSB and BAC Home Loans Servicing, LP ("BAC") deny liability and plan to file a motion to dismiss Plaintiff's claims under FRCP 12(b)(6).

7. <u>Whether a statute's constitutionality is being challenged</u>:  None noted by the parties.

8. <u>Any issues that should be certified to a state supreme court</u>:  None noted by the parties.

COMBINED JOINT STATUS REPORT AND
DISCOVERY PLAN  - 2
CASE NO. CV-12-378-JLQ

JOHN LONG LAW PLLC
300 NE Gilman Blvd ◆ Suite 100
Issaquah, WA. 98027
Ph (425) 427-9660
Fax 866-360-6847

9. <u>Suggested deadline for amending the pleading</u>:

    a. <u>Plaintiffs' position</u>: 70 days before discovery cutoff.

    b. <u>Defendants' Position</u>: 70 Days before discovery cutoff (Proposed)

10. <u>Suggested deadline for adding new parties</u>: 70 days before discovery cutoff

11. <u>Whether all non-government corporate parties filed the necessary ownership statement</u>: The parties agree that this was completed.

12. <u>Whether the case involves a minor or incompetent party</u>: Not applicable.

13. <u>Discovery Plan and Proposed Deadlines.</u> The parties do not believe that this is a complex factual case and believe that discovery can be completed in approximately 10 months. Plaintiff anticipates engaging in written discovery and, thereafter, fact and expert witness depositions. The parties do not believe that any special discovery mechanisms or timings are required. Defendant, American Mortgage Network Inc., believe that the claims asserted against them are expressly barred by FRCP 8(a) and FRCP 12(b)(6), and that discovery should be stayed until resolution of their motion to dismiss. American Mortgage Network, Inc.'s motion is noted for consideration on August 3, 2012. Defendants Federal National Mortgage Association ("Fannie Mae"), ReconTrust Company, "N.A., successor by merger to Countrywide Bank, FSB and BAC Home Loans Servicing, LP ("BAC") plan to note their motion to dismiss for consideration in September 2012. Plaintiff agrees not to seek discovery until resolution of Defendant American Mortgage Network's motion to dismiss.

    The parties propose the following pretrial schedule:

    a. <u>Suggested deadline for initial disclosures</u>: 15 days after the Court's ruling on Defendants Federal National Mortgage Association ("Fannie Mae"), ReconTrust Company, N.A. (ReconTrust"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Bank of America, N.A., successor by merger to Countrywide Bank, FSB and BAC Home Loans Servicing, LP ("BAC") planned Motion to Dismiss.

    b. <u>Subjects on which discovery may be needed</u>: Plaintiffs contend that fact discovery will be needed regarding the identity of the promissory note holder for each loan from origination to the time of foreclosure, any assignment of interests, the identity of the beneficiary for each promissory note when the notice of trustee sale was filed and the identity of the beneficiary of plaintiffs' mortgage payments from August, 2006 to

July, 2011.  Defendants dispute that any of this discovery is appropriate and believe that should this case survive a motion to dismiss that the only possible topics for discovery are the foreclosure procedures that took place and Plaintiff's default.

c.  <u>Any issues about preserving discoverable information</u>:  None noted by the parties.

d.  <u>Claims of privilege or protection</u>:  None noted by the parties.

e.  <u>Proposed modification to the standing discovery procedures</u>:  No proposal is made at this time.

f.  <u>Suggested expert disclosure deadlines</u>:

   i.  90 days before discovery cutoff for Plaintiff's experts;

   ii.  60 days before discovery cutoff for Defendants' experts; and

   iii.  30 days before discovery cutoff for rebuttal expert witnesses.

g.  <u>Suggested discovery cut-off</u>:  150 days before trial.

14. <u>Anticipated motions and suggested dispositive motion filing deadline</u>:  A deadline of 120 days before trial was agreed to.  Defendants Federal National Mortgage Association ("Fannie Mae"), ReconTrust Company, N.A. ("ReconTrust"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Bank of America, N.A., successor by merger to Countrywide Bank, FSB and BAC Home Loans Servicing, LP ("BAC") will bring a motion to dismiss Plaintiff's action; and, if the action proceeds thereafter Defendants state that a motion for summary judgment may be appropriate in this matter.

15. <u>Trial</u>

a.  <u>Suggested trial date</u>:  April 1, 2013 or later.

b.  <u>Length of trial</u>:  Three days.

c.  <u>Bifurcation</u>:  No.

d.  <u>Need for special technology</u>:  No.

16. <u>The likelihood for settling the case and date for meaningful dispute resolution</u>:  The parties are willing to consider mediation at an appropriate time.

17. <u>Any other matters</u>.  None noted.

/ / /

COMBINED JOINT STATUS REPORT AND
DISOVERY PLAN  - 4
CASE NO. CV-12-378-JLQ

JOHN LONG LAW PLLC
300 NE Gilman Blvd ◆ Suite 100
Issaquah, WA. 98027
Ph (425) 427-9660
Fax 866-360-6847

DATED this 19th Day of July, 2012

JOHN LONG LAW PLLC
By: /s/ John A. Long
Mr. John A. Long, WSBA #15119
300 NE Gilman Blvd Ste 100
Issaquah, WA 98027
Attorney for Plaintiff Gregory Beadles

Lane Powell PC -SEA
By: /s/  John S. Devlin
Mr. John S. Devlin, WSBA No. 23988
1420 5th Ave Ste 4100
Seattle, WA 98101-2338
Attorney for Defendants Federal National Mortgage Association ("Fannie Mae"), ReconTrust Company, N.A. ("ReconTrust"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Bank of America, N.A., successor by merger to Countrywide Bank, FSB and BAC Home Loans Servicing, LP ("BAC")

Lane Powell PC -SEA
By: /s/  Tiffany Scott Connors
Ms. Tiffany Scott Connors, WSBA No. 41740
1420 5th Ave Ste 4100
Seattle, WA 98101-2338
Attorney for Defendant American Mortgage Network

COMBINED JOINT STATUS REPORT AND
DISCOVERY PLAN - 5
CASE NO. CV-12-378-JLQ

JOHN LONG LAW PLLC
300 NE Gilman Blvd ◆ Suite 100
Issaquah, WA. 98027
Ph (425) 427-9660
Fax 866-360-6847

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on the 19<u>th</u> <u>day of July, 2012</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John A. Long
(john@johnlonglaw.com )
John Long Law PLLC
300 NE Gilman Blvd Ste 100
Issaquah, WA 98027
Counsel for Plaintiffs

John S. Devlin, III
(devlinj@lanepowell.com )
Lane Powell PC
1420 Fifth Avenue Ste 4100
Seattle, WA 98101

Tiffany Scott Connors
 (connorst@lanepowell.com)
Lane Powell PC
1420 Fifth Avenue Ste 4100
Seattle, WA 98101

By /s/ *Brett C. Masch*___
John A. Long, WSBA No. 43851
300 NE Gilman Blvd Ste 100
Issaquah, WA 98027
Phone: (425) 427-9660

COMBINED JOINT STATUS REPORT AND
DISCOVERY PLAN  - 6
CASE NO. CV-12-378-JLQ

JOHN LONG LAW PLLC
300 NE Gilman Blvd ◆ Suite 100
Issaquah, WA. 98027
Ph (425) 427-9660
Fax 866-360-6847