THE HONORABLE JUSTIN L. QUACKENBUSH

John S. Devlin III, WSBA No. 23988
LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
Telephone: 206.223.7000
Facsimile: 206.223.7107

Attorneys for Defendant Federal
National Mortgage Association,
ReconTrust Company, N.A., Mortgage
Electronic Registration Systems, Inc.,
and Bank of America, N.A., as successor
by merger to Countrywide Bank, FSB
and BAC Home Loans Servicing, LP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| GREGORY A. BEADLES, <br><br> Plaintiff, <br><br> v. <br><br> RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., A Delaware Corp., AMERICAN MORTGAGE NETWORK, INC., A Delaware Corp., COUNTRYWIDE BANK, FSB; DOES 1-10 FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br> Defendants. | No. CV-12-378-JLQ <br><br> **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS
NO. CV-12-378-JLQ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5415679.2

## I. INTRODUCTION AND RELIEF REQUESTED

Defendants Federal National Mortgage Association ("Fannie Mae"), ReconTrust Company, N.A. ("ReconTrust"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Bank of America, N.A., successor by merger to Countrywide Bank, FSB and BAC Home Loans Servicing, LP ("BAC") (collectively, "Defendants") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing with prejudice the Complaint filed by Plaintiff Gregory A. Beadles ("Plaintiff").

Plaintiff admits that he defaulted on a loan secured by certain real estate. Plaintiff admits that he received notice that the property would be sold at a foreclosure sale on July 1, 2011. Plaintiff admits that he failed to cure his default prior to the sale date. Plaintiff admits that the foreclosure sale took place as scheduled on July 1, 2011.

Six months later, Plaintiff filed this action. Plaintiff now requests that this Court grant the extreme relief of rescinding foreclosure based on alleged violations of the Washington Deed of Trust Act ("DTA") and his pre-sale requests for a loan modification, but the law on this point bars his desired relief. Under the terms of the DTA and settled case law, Plaintiff is not entitled to the requested relief because all claims to invalidate the sale and certain claims for damages were waived at the time of foreclosure. Additionally, Plaintiff's non-waived claims fail either as a matter of law or are inadequately pled. Accordingly, Defendants request that the Court dismiss Plaintiff's Complaint with prejudice pursuant to FRCP 12(b)(6).

## II. FACTS

On August 1, 2006, Plaintiff obtained a loan from American Mortgage Network ("AMN") for $137,600, secured by a deed of trust (the "First DOT")

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 1
NO. CV-12-378-JLQ

granting a lien on the real property located at 406 E. Gettysburg Ct., Spokane, WA 99028 (the "Property"), recorded under Spokane County recording number 5414465. Compl., ¶¶ 3.1-3.2. The Deed of Trust listed Plaintiff as the borrower, AMN as the Lender, MERS as the Beneficiary as nominee for the Lender and its successors and assigns, and First American Title Company as the Trustee. *Id.*

On September 10, 2007, Plaintiff obtained a second loan of $24,100.00 from Countrywide Bank, FSB, secured by a deed of trust recorded under Spokane County recording number 5585539 ("Second DOT").[1] *Id.* at ¶ 3.3. The Second Deed listed Countrywide as the lender, MERS as Beneficiary as nominee for the Lender and its successors and assigns, and Landsafe Title of Washington as Trustee. *Id.* at Ex. 2.

In December 2010, MERS assigned the beneficial interest in the First Deed of Trust to BAC under a Corporation Assignment of Deed of Trust, recorded under file no. 5963662. Compl., ¶¶ 1.4, 3.1; Ex. 4. BAC then appointed Defendant ReconTrust as the successor trustee under the First DOT via an Appointment of Successor Trustee, recorded under file no. 5963661. Compl., ¶ 3.8; Ex. 3.

On March 29, 2011, ReconTrust filed a Notice of Sale (the "NOS") of the Property scheduling a foreclosure sale for July 1, 2011. *Id.* at ¶ 3.2, p. 6; Ex. 5.[2] The Property was sold on July 1, 2011 to Fannie Mae. *Id.* at ¶ 3.3, p.6; Ex. 6. While Plaintiff alleges he had experienced financial hardship and sought a loan

---

[1] Bank of America, N.A., is the successor to this Deed of Trust by merger to Countrywide Bank, FSB. Compl., ¶ 1.5.

[2] Plaintiff's Complaint repeats paragraph numbers 3.1 to 3.8 on pages 6 to 7.

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 2
NO. CV-12-378-JLQ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5415679.2

modification prior to foreclosure, Plaintiff does not allege that he: (1) filed suit to restrain the trustee's sale prior to July 1, 2011, (2) was current on his loan payments under either deed of trust, or (3) made any attempt to cure the arrears prior to the sale. *See* Compl., ¶ 3.4, p.6.  This suit followed on or about January 3, 2012.

### III. ISSUE

Whether the Court should dismiss the Complaint with prejudice for failure to state a claim upon which relief can be granted.

### IV. EVIDENCE RELIED UPON

This Motion to Dismiss relies upon the allegations in the Complaint and the exhibits attached thereto.

### V. ARGUMENT

**A.    Legal Standard.**

Federal Rule of Civil Procedure 8(a)(2) requires plaintiffs to provide "'a short and plain statement of the claim showing that [they] . . . [are] entitled to relief,' in order to 'give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This requires sufficient factual allegations that, when accepted as true, state a claim "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Twombly*, 550 U.S. at 555 ("formulaic recitation of the elements of a cause of action will not do.").  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Moreover, when it is clear that amendment would be futile, a complaint should be dismissed without leave to amend. *See Havas v. Thorton*, 609 F.2d 372 (9th Cir. 1979).

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 3
NO. CV-12-378-JLQ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5415679.2

Here, as set forth below, the claims asserted by Plaintiff are barred as a matter of law, are based upon legal contentions that are wrong as a matter of law, or are otherwise fatally flawed. Because no amendment will cure these deficiencies, Defendants' Motion to Dismiss should be granted with prejudice.

**B.    The First, Second, Sixth, Seventh, and Eight Claims in Plaintiff's Complaint Are All Barred As A Matter of Law.**

Plaintiff waived the following claims as a matter of law when he failed to restrain the foreclosure sale prior to July 1, 2011: (1) wrongful foreclosure (First and Sixth Claims); (2) breach of duty to act in good faith (Second Claim); (3) quiet title (Seventh Claim); and (4) slander of title (Eighth Claim). In addition, Plaintiff's failure to enjoin the sale prior to foreclosure also waived all claims under any theory that seek to invalidate the foreclosure sale.

Non-judicial foreclosures are governed by the Washington Deed of Trust Act ("DTA"). The provisions of RCW 61.24.130 set forth specific rules that must be followed to enjoin a nonjudicial foreclosure. *See Brown v. Household Realty Corp.*, 146 Wn. App. 157, 163, 189 P.3d 233 (2008), *review denied*, 165 Wn.2d 1023 (2009). "This statutory procedure is 'the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure.'" *Id.* (quoting *Cox v. Helenius*, 103 Wn.2d 383, 388, 693 P.2d 683 (1985)). Failure to follow the statutory procedure results in waiver of any claims related to the underlying obligation and sale itself. *Plein v. Lackey*, 149 Wn.2d 214, 227-28, 67 P.3d 1061 (2003) (finding waiver even though the Borrower filed a lawsuit prior to the sale because Borrower failed to meet all of DTA's requirements).

The courts have made it clear that the waiver of post-sale remedies is a broad one. As a leading case explains, waiver applies so long as three

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 4
NO. CV-12-378-JLQ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5415679.2

requirements are met: "A party waives the right to post-sale remedies where the party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale." *Brown*, 146 Wn. App. at 163.

In 2009, the Washington legislature created limited exceptions to *Brown* with RCW 61.24.127. Of relevance here, RCW 61.24.127(1) preserves post-sale claims for: (a) fraud or misrepresentation; (b) violations of the Washington Consumer Protection Act (the "CPA"); and (c) failure of the ***trustee*** to materially comply with the DTA. RCW 61.24.127(1)(a)-(c). Any claim preserved by RCW 61.24.127, however, is subject to the following restrictions:

> (b) The claim may not seek any remedy at law or in equity other than monetary damages;
>
> (c) The claim may not affect in any way the validity or finality of the foreclosure sale or a subsequent transfer of the property;
>
> * * *
>
> (f) The relief that may be granted for judgment upon the claim is limited to actual damages. However, if the borrower or grantor brings in the same civil action a claim for violation of chapter 19.86 RCW, arising out of the same alleged facts, relief under chapter 19.86 RCW is limited to actual damages, treble damages as provided for in RCW 19.86.090, and the costs of suit, including a reasonable attorney's fee.

RCW 61.24.127(2).

Here, Plaintiff waived his claims for wrongful foreclosure, breach of duty to act in good faith, quiet title, and slander of title because Plaintiff failed to enjoin the Trustee's Sale, and such claims are not enumerated as exceptions to waiver in RCW 61.24.127. Further, the three requirements set forth in the case

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 5
NO. CV-12-378-JLQ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5415679.2

1  law for waiver to apply are all satisfied here.

2  <u>First</u>, Plaintiff admits that he received notice of his right to enjoin the sale
3  through the NOS in March 2011, more than three months prior to the sale.
4  Compl., ¶ 3.2, p. 6, *Id.* at Ex. 5.

5  <u>Second</u>, Plaintiff knew of his purported defenses prior to foreclosure.
6  Plaintiff's claims all arise from documents and information he admittedly
7  obtained prior to foreclosure, including: (1) MERS and ReconTrust's role under
8  the Deed of Trust (*See* Compl., ¶ 3.2, p. 6, *Id.* at Ex. 1; *Id.* at Ex. 4; *Id.* at Exs. 3,
9  5),[3] (2) alleged defects in the NOS (*see id.* at ¶¶ 3.11, 3.16-18), and (3)
10 ReconTrust's refusal, and BAC's failure to postpone the foreclosure sale (*Id.* at
11 ¶ 3.14).  *See Brown*, 146 Wn. App. at 164-65 (A borrower "is not required to
12 have knowledge of the legal basis for his claim, but merely knowledge of the
13 facts sufficient to establish the elements of a claim that could serve as a defense
14 to foreclosure.").

15 <u>Third</u>, Plaintiff did not file the Complaint until six months after
16 foreclosure.  *Compare* Compl., ¶ 3.3, p. 6, with Compl. at 1 (filed January 3,
17 2012).  Accordingly, each of the elements for waiver set forth in *Brown* is met
18 as a matter of law.

19 Accordingly, Plaintiff's First, Second, Sixth, Seventh, and Eighth claims
20 are all barred as a matter law.

21 In addition, although the Third, Fourth, and Fifth claims are preserved

---

23 [3] *See Tjart v. Smith Barney, Inc.*, 107 Wn. App. 885, 897, 28 P.3d 823 (2001),
24 *review denied*, 145 Wn.2d 1027, cert. denied, 537 U.S. 954 (2002) ("One who
25 accepts a written contract is conclusively presumed to know its contents and to
26 assent to them . . . .").

27

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 6
NO. CV-12-378-JLQ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5415679.2

under the provisions of RCW 61.24.127(1), the Washington legislature has expressly limited the only remedy that Plaintiff may seek to monetary damages. The plain language of RCW 61.24.127(2) expressly limits all non-waived claims to monetary damages, and does not permit such claims to "affect in any way the validity or finality of the foreclosure sale." Thus, Plaintiff cannot invalidate the sale or seek other forms of equitable relief through a post-foreclosure lawsuit.

C. **The First, Second, Third, Fifth, Sixth, Seventh, and Eighth Claims All Fail Because Plaintiff Does Not State a Claim for Violation of the DTA.**

Plaintiff alleges that Defendants "all participated in a non-judicial trustee sale that was not authorized by the Washington State Deed of Trust Act …." Compl., ¶ 4.2. This allegation is the basis for seven of the eight claims set forth in the complaint. In supposed support of these claims, Plaintiff alleges: (1) MERS was not a beneficiary under the Deed of Trust, and as result, its assignment to BAC and BAC's subsequent appointment of ReconTrust were invalid; (2) ReconTrust lacked the capacity to serve as a trustee under the DTA; (3) BAC had no interest in the Deed of Trust at the time the Trustee's Deed was recorded by Fannie Mae; and (4) the Defendants otherwise failed to comply with the DTA. *See generally id.* at ¶¶ 3.9-11, 3.26-3.27.

As discussed above, Plaintiff's claims against BAC, MERS, and Fannie Mae fail as a matter of law; the DTA only permits claims to be brought against the trustee following foreclosure. *See Mickelson v. Chase Home Fin. LLC*, C11-1445MJP, 2012 WL 1301251 (W.D. Wash. Apr. 16, 2012) at *3 (dismissing borrower's DTA claims against all defendants except for the alleged trustees). Further, these claims also fail as a matter of law as to all defendants because Plaintiff does not identify any wrongful conduct.

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 7
NO. CV-12-378-JLQ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5415679.2

**1.  MERS properly acted as the beneficiary under the DTA.**
Plaintiff alleges that MERS' role in making assignments was improper.  Compl., ¶ 3.9.  However, the first Deed of Trust, which Plaintiff executed, identifies MERS as beneficiary and extends to MERS the right to enforce the Lender's interests, "including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender[.]"  Compl., Ex. 1.

Courts have held that arguments regarding the validity of MERS appointments under a Deed of Trust are waived when not raised before a foreclosure sale.  *See Townley v. BAC Home Loans f/k/a Countrywide Home Loans, et al.*, ECF No. 86 in Case No. C10-1720-JCC (W.D. Wash. 2011).

Even if not waived, Plaintiff's conclusory allegations purporting to challenge MERS' role are without merit.  Washington Courts have repeatedly upheld the appointment of MERS as beneficiary under the Deed of Trust.  *See, e.g., Corales v. Flagstar Bank, FSB*, 822 F.Supp.2d 1102 (W.D. Wash. 2011) ("This court has repeatedly rejected the argument that MERS is not a proper beneficiary under a Deed of Trust where the plaintiff has executed a deed which expressly acknowledges MERS's status as a beneficiary."); *Salmon v. Bank of America Corp.*, No. CV–10–446–RMP, 2011 WL 2174554, at *8 (E.D. Wash. 2011); *Cebrun v. HSBC Bank USA, N.A.*, No. C10-5742-BHS, 2011 WL 321992, at *3 (W.D. Wash. 2011); *Daddabbo v. Countrywide Home Loans, Inc.*, No. C09-1417-RAJ, 2010 WL 2102485, at *5 (W.D. Wash. May 20, 2010).  The Ninth Circuit has likewise rejected the contention that MERS cannot serve as beneficiary.  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041-42 (9th Cir. 2011); *see also Frase v. U.S. Bank, N.A.*, No. No. C11-1293JLR, 2012 WL 1658400 (W.D. Wash. May 11, 2012).

Further, MERS' role here was limited to assigning the interest in the Deed

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 8
NO. CV-12-378-JLQ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5415679.2

of Trust to BAC. Compl., ¶ 3.9, Ex. 4. In *Reinke v. Northwest Trustee Services, Inc.*, Judge Overstreet distinguished situations where MERS' role in foreclosure is limited to merely transferring its interest. Case No. 09-19609/Adv. No. 09-01541, slip op. (W.D. Wash. Bankr. October 26, 2011) (rejecting plaintiffs' attempt to invalidate the security instrument through generic MERS allegations).

> This is not a case where the foreclosures were brought by MERS in its own name. Consequently, the Court rejects Plaintiff's contention that the . . . Notes are unsecured merely because MERS acted in the role of nominee for the lenders under the terms of the deeds of trust . . . The only acts taken by MERS in relation to foreclosure were to execute assignments of its interest in the two deeds of trust . . .

Slip op. at 17. Courts have repeatedly held that claims involving MERS arising in this situation are properly dismissed on a Rule 12 motion. *Myers v. Mortgage Electronic Registration Sys., Inc.*, Case No. 11-05582-RBL, 2012 WL 678148, *3 (W.D. Wash. Feb. 24, 2012) (granting motion to dismiss, collecting cases); *see also Salmon v. Bank of Am. Corp.*, 2011 WL 2174554, at *8 (E.D. Wash. 2011) (upholding foreclosure by assignee of MERS deed of trust).

**2.    ReconTrust qualifies as a valid trustee under the DTA.**

Plaintiff's allegation that ReconTrust failed to "maintain a physical presence with telephone service at that address" is belied by the documents attached to the Complaint. Compl. ¶ 3.15.

Under RCW 61.24.030(6) "a trustee must maintain a street address in this state where personal service of process may be made, and the trustee must maintain a physical presence and have telephone service at such address[.]" Here, the NOS recorded on the Property identifies ReconTrust's address for service of process as "CT Corporation System, 1801 West Bay Drive NW, Ste 206, Olympia, WA 98502" and phone number as "(360) 357-6794." Compl.,

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 9
NO. CV-12-378-JLQ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5415679.2

Ex. 5. This is sufficient. *See, e.g., Ramirez-Melgoze v. Countrywide Home Loan Servicing, LP*, No. CV-10-0049-LRS, 2010 WL 4641948, *7 (E.D. Wash. 2010) (recognizing information of registered agent for service of process to be evidence of compliance with RCW 61.24.030); *see also Mikhay v. Bank of Am., N.A.*, 2:10-CV-01464 RAJ, 2011 WL 167064 at *3 (W.D. Wash. Jan. 12, 2011) (rejecting same argument as to ReconTrust).

**3.     Title to the Property was properly transferred to Fannie Mae following the Trustee's Sale on July 1, 2010.** Plaintiff's allegation that the Trustee's Deed was improperly transferred and recorded (Compl., ¶ 3.24-3.26) fails as a matter of law. RCW 61.24.050 states:

> ***When delivered to the purchaser,*** *the trustee's deed shall convey **all of the right, title, and interest in the real and personal property sold at the trustee's sale*** which the grantor had or had the power to convey at the time of the execution of the deed of trust, and such as the grantor may have thereafter acquired. ***If the trustee accepts a bid, then the trustee's sale is final as of the date and time of such acceptance if the trustee's deed is recorded within fifteen days thereafter.***

(emphasis added).

Plaintiff alleges that BAC assigned away its interests before the sale was final and that the sale was not final until the deed was recorded due to the fact the Trustee's Deed was recorded fifteen days after the sale. Compl., ¶ 3.24 ("meaning the sale was not accepted until July 19, 2011"). Yet courts have repeatedly rejected such a construction of the statue. The sale of property is accomplished through a conveyance of the deed, not recording. *See e.g., In re Bell*, 386 B.R. 282, 292 (W.D. Wash. 2008) (holding that the interest in the property was conveyed when the deed was delivered to the purchaser regardless of the fact the deed was not recorded within fifteen days of the trustee's sale);

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 10
NO. CV-12-378-JLQ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5415679.2

*Udall v. T.D. Escrow Servs., Inc.*, 132 Wn. App. 290, 298-99, 130 P.3d 908 (2006) (holding that under "failure to record the deed within 15 days of the sale merely precludes establishing a final sale date"), *rev'd on other grounds*, *Udall v. T.D. Escrow Servs., Inc.*, 159 Wn.2d 903, 910-11, 154 P.3d 882 (2007) ("The second sentence [of RCW 61.24.050] establishes that the effective date for recording a deed of trust relates back to the date and time of the nonjudicial foreclosure sale if the deed is recorded within 15 days."). The purpose of requiring recording under RCW 61.24.050 "is to place subsequent purchasers on notice of property's transfer from one owner to another, not to convey rights in land to the purchaser." *Udall*, 132 Wn. App. at 299.

**4. Plaintiff does not allege any conduct by ReconTrust that materially violated the DTA.** Plaintiff alleges various other DTA violations relating to the conduct of Defendants in the foreclosure process. Yet these claims either fail as a matter of law or are contradicted by the documents attached to his Complaint.

<u>First</u>, as discussed *supra*, BAC, MERS and ReconTrust acted within their authority pursuant to the Deed of Trust. Further, as MERS' assignment to BAC was valid, Plaintiff's allegations that ReconTrust misrepresented BAC's identity as the loan holder (Compl., ¶ 3.18) or failed to obtain proof of the owner of the note (Compl., ¶ 3.15.3) are also unfounded and unsupported by the documents attached to his Complaint. *See* Compl., Ex. 4.

<u>Second,</u> there was no requirement that ReconTrust provide Plaintiff with a copy of the Note prior to foreclosure. Compl., ¶ 3.7. Courts "have routinely held that [the] so called 'show me the note' argument lacks merit." *Wallis v. IndyMac Fed. Bank*, 717 F. Supp. 2d 1195, 1200 (W.D. Wash. 2010); *Diessner v. Mortgage Electronic Registration Systems*, 618 F. Supp. 2d 1184, 1187 (D.

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 11
NO. CV-12-378-JLQ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5415679.2

Ariz. 2009) (collecting cases); *Gossen v. JPMorgan Chase Bank*, 819 F. Supp. 2d 1162, 1170 (W.D. Wash 2011). Nothing in RCW 61.24.030 requires the beneficiary or the trustee to present proof to the borrower that they own or possess the note. Instead, a trustee is only required to "have proof that the beneficiary is the owner" of the promissory note. RCW 61.24.030(7)(a); *see also Gossen*, 819 F. Supp. 2d at 1187 (rejecting borrowers' "show me the note" argument in part because "[t]here is no provision in Washington's Deed of Trust Act requiring the trustee to produce the original note to the borrower"). At no point does Plaintiff allege any facts showing that the trustee did not confirm that the beneficiary owned the note.

Third, Plaintiff points to an alleged clerical error in the NOS, which described the First Deed of Trust as "re-recorded" under an Auditor's file number pertaining to the Second Deed of Trust. Compl., ¶ 3.11. Plaintiff fails to show this was a failure to *materially* comply with the DTA pursuant to RCW 61.24.127(2). Plaintiff does not dispute that the NOS properly set forth the Property address, the recording number of the first deed of trust as required by RCW 61.24.030(8)(b), and the amounts identified to cure the defaults under both loans. The NOS provided information specific to the first Deed of Trust, including the name of the original trustee. The insertion of the term "re-recorded" does not change the fact that Plaintiff received adequate notice of the necessary information. Plaintiff alleges no prejudice from the immaterial reference to the Second Deed of Trust.

Fourth, ReconTrust did not act improperly in failing to cancel or continue the sale. *See* Compl. ¶ 3.12-3.14. The DTA explicitly states: "The trustee *has no obligation to,* but may, for any cause the trustee deems advantageous, continue the sale …." RCW 61.24.040(6) (emphasis added). Further, under the

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 12
NO. CV-12-378-JLQ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5415679.2

NOS, a trustee is required to discontinue the sale only if the borrower cured the default or filed a lawsuit to restrain the sale. Compl., Ex. 5. Here, Plaintiff did neither.

### D. The Third and Fourth Claims Fail Because Plaintiff Does Not State a Claim for Negligent and/or Intentional Misrepresentation.

Plaintiff's claim for negligent and/or intentional misrepresentation is primarily derivative of his other failed claims. *See* Compl., ¶ 6.1-6.15. Because those claims do not state a plausible basis for relief, these claims fail as well. *See supra*, Sections V.A-C. In addition, Plaintiff fails to sufficiently plead a claim for negligent and/or intentional misrepresentation regarding any purported errors in the foreclosure documents, or misrepresentations made by BAC concerning the postponement of the sale.

**1. Plaintiff fails to allege a representation of existing fact, or that any purported representations were directed at Plaintiff.** First, Plaintiff fails to state a claim for misrepresentation against Fannie Mae, BAC or MERS relating to the foreclosure documents because only ReconTrust submitted documents directly to the Plaintiff. *Kirkham v. Smith*, 106 Wn. App. 177, 183, 23 P.3d 10 (2001) (noting one of the necessary elements of a claim of fraud is that the defendant intended the misrepresentation to be acted on by the person to whom it is made); *Baddeley v. Seek*, 138 Wn. App. 333, 339, 156 P.3d 959 (2007) ("To establish negligent misrepresentation, a plaintiff must show by clear, cogent, and convincing evidence that the defendant negligently supplied false information the defendant knew, or should have known, would guide the plaintiff in making a business decision ….").

Second, Plaintiff alleges that BAC made misrepresentations regarding the cancellation or postponement of the trustee's sale scheduled for July 1, 2011.

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 13
NO. CV-12-378-JLQ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5415679.2

Compl., ¶ 7.4.  Yet, "[a] false representation as to a presently existing fact is a prerequisite to a misrepresentation claim." *Micro Enhancement Intern., Inc. v. Coopers & Lybrand,* LLP, 110 Wn. App. 412, 436, 40 P.3d 1206 (2002).  Promises of future performance are not representations of existing fact, and therefore cannot support a misrepresentation claim.  *Stiley v. Block*, 130 Wn.2d 486, 505–06, 925 P.2d 194 (1996); *see also West Coast, Inc. v. Snohomish County*, 112 Wash. App. 200, 206, 48 P.3d 997 (2002) ("A promise of future performance is not a representation of an existing fact and will not support a fraud claim.").  While "[p]romises of future conduct may support a contract claim," the "failure to perform those promises alone cannot establish the requisite negligence for negligent misrepresentation." *Micro Enhancement*, 110 Wn. App. at 436 (emphasis added).  "[W]ere the rule otherwise, any breach of contract would amount to fraud ...." *Nyquist v. Foster*, 44 Wn.2d 465, 470, 268 P.2d 442 (1954).  BAC's alleged misrepresentations, whether negligent or intentional, relate to an intention of future conduct – i.e., not to foreclose on the Property.  Plaintiff's misrepresentation claim fails.

**2.   Plaintiff fails to show any detrimental reliance**.  Plaintiff's misrepresentation claims also fail because Plaintiff fails to show he relied on any purported misrepresentation to his detriment, or that such reliance was reasonable.  *Becker v. Washington State University*, 165 Wn. App. 235, 248, 266 P.3d 893 (2011) (negligent misrepresentation claim requires that "plaintiff's reliance was reasonable"); *Stiley*, 130 Wn.2d at 505 (fraud requires proof of "right to rely" on misrepresentation).  "Where correct information is reasonably ascertainable by the complaining party, he [or she] may not justifiable rely on the other party's statement." *Rainier Nat'l Bank v. Clausing*, 34 Wn. App. 441, 446-47, 661 P.2d 1015 (1983).  Also, a "plaintiff must not have been negligent

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 14
NO. CV-12-378-JLQ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5415679.2

in relying on the representation." *Ross v. Kirner*, 162 Wn.2d 493, 500, 172 P.3d 701 (2007).

Even if the foreclosure documents contained inaccurate statements, Plaintiff cannot show that he relied on any false information to his detriment. As Plaintiff was aware of the alleged defects prior to the foreclosure, any alleged misrepresentations did not prevent him suing to enjoin the sale.

Moreover, Plaintiff fails to allege that he was capable of curing any amount of default prior to the sale. Instead, Plaintiff offers only conclusory, unsupported statements that "by demanding inaccurate amounts" ReconTrust prevented Plaintiff from curing his default. Compl., ¶ 3.17. However, Plaintiff could have requested a court to "determine the reasonableness of any fees demanded or paid as a condition of reinstatement" pursuant to RCW 61.24.090(2), but did not do so.

Nor does Plaintiff sufficiently plead that he relied on any false statements allegedly made by MERS or Fannie Mae to his detriment. *See Iqbal*, 556 U.S. at 663 ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice").

Similarly, Plaintiff does not plead sufficient facts to show he reasonably relied on BAC's assurances that the Property would not be foreclosed. Plaintiff admits that prior to the sale he "asked ReconTrust to cancel or continue the sale date because of issues related to consideration of his loan for a modification of payment terms." Compl., ¶ 3.14. **By Plaintiff's own admission, he did *not* rely on BAC's alleged assurances the foreclosure sale would be cancelled.** Instead, he independently contacted ReconTrust to attempt to stop or delay the sale.

Nor is it plausible that Plaintiff reasonably relied on the assurances by

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 15
NO. CV-12-378-JLQ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5415679.2

BAC because: (1) Plaintiff admits that ReconTrust told him it would *not* cancel the sale (Compl., ¶ 3.14), (2) Plaintiff received no subsequent notice that the sale would be continued, as is required by RCW 61.24.050(6), and (3) Plaintiff made no efforts to cure the default or enjoin the sale.  In addition, the required payments to discontinue a trustee's sale as set forth in RCW 61.24.090 were explained in the NOS.  Compl., Ex. 5.  Having received no notice of a postponement, Plaintiff was aware that the only way to stop the sale was to cure the defaults alleged in the NOS or bring suit.  Accordingly, any alleged reliance on BAC's statements would be unreasonable as a matter of law.

### E. The Fifth Claim Fails Because Plaintiff Does Not State a Claim for Violation of the Consumer Protection Act.

To establish a CPA claim, a borrower must plead and prove: "(1) an unfair or deceptive act or practice that (2) occurs in trade or commerce, (3) impacts the public interest, (4) and causes injury to the [Borrower] in [his] business or property, and (5) the injury is causally linked to the unfair or deceptive act." *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 602 (2009) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986)).  Failure to establish even one element is fatal to a plaintiff's claim.  *Hangman Ridge*, 105 Wn.2d at 793.  Here, Plaintiff fails to meet that burden.

Plaintiff contends that Defendants violated the CPA "through a course of conduct in executing, recording, and relying upon documents that it knew or should have known to be false and that have a capacity to deceive a substantial portion of the public."  Compl., ¶ 8.2.  Accordingly, this claim is entirely dependent on and derivative of the assertion that the foreclosure was invalid under the DTA.  As shown above in Section V.C, the underlying legal theories supporting this assertion are wrong as a matter of law and do not entitle Plaintiff

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 16
NO. CV-12-378-JLQ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5415679.2

to relief. Accordingly, Plaintiff has failed to allege even the first prong of a CPA violation—an unfair or deceptive act.

Moreover, in order to establish the third element of a CPA claim — public interest impact — a plaintiff must establish that a defendant's act has "the capacity to deceive a substantial portion of the public." *Burns v. McClinton*, 135 Wn. App. 285, 305-306, 143 P.3d 630 (2006); *Segal Co. (Eastern States), Inc. v. Amazon.com*, 280 F. Supp. 2d 1229, 1234 (W.D. Wash. 2003) (dismissing CPA claim where plaintiff failed to allege any "specific facts suggesting that defendant has engaged in a generalized pattern of solicitation").

Here, Plaintiff's CPA is premised on purported errors in the documents specific to Plaintiff's documents. These are unique to Plaintiff's situation; nothing in the Complaint could give rise to a "generalized pattern" of actions. Plaintiff has failed to advance any allegation that the purported actions have the capacity to deceive a substantial portion of the population. The CPA claim must accordingly fail.

## VI. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request the Court to dismiss this lawsuit in its entirety, and with prejudice.

DATED: August 13, 2012

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 17
NO. CV-12-378-JLQ

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5415679.2

| | |
|---|---|
| 1 | |
| 2 | LANE POWELL PC |
| 3 | |
| 4 | By */s/John S. Devlin* |
| 5 |     John S. Devlin III, WSBA No. 23988 |
|   |     1420 Fifth Avenue, Suite 4100 |
| 6 |     Seattle, WA  98101 |
|   |     Telephone: 206-223-7000 |
| 7 |     Facsimile:  206-223-7107 |
|   |     Email: devlinj@lanepowell.com |
| 8 | |
| 9 | Attorneys for Federal National Mortgage Association, ReconTrust Company, N.A., Mortgage Electronic Registration Systems, Inc., and Bank of America, N.A., as successor by merger to Countrywide Bank, FSB and BAC Home Loans Servicing, LP |

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 18
NO. CV-12-378-JLQ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5415679.2

## **CERTIFICATE OF SERVICE**

Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 13th day of August, 2012, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

John A. Long, WSBA #15119
John Long Law PLLC
300 NE Gilman Blvd., Suite 100
Issaquah WA 98027
Phone: (425) 427-9660
Fax: (888) 735-6513
E-mail: jal@johnlonglaw.com, john@johnlonglaw.com

Executed on the 13th day of August, 2012, at Seattle, Washington.

*/s/Leah S. Burrus*
Leah S. Burrus
Legal Assistant to John S. Devlin III

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 19
NO. CV-12-378-JLQ

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5415679.2