THE HONORABLE JUSTIN QUACKENBUSH

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| **Gregory A. Beadles**, <br><br> Plaintiffs, <br><br> vs. <br><br> **ReconTrust Company, N.A., Mortgage Electronic Registration Systems, Inc., A Delaware Corp., American Mortgage Network, Inc., A Delaware Corp., Countrywide Bank, FSB, DOES 1 – 10 Federal National Mortgage Association,** <br><br> Defendants. | Case No.: CV-12-00378-JLQ <br><br> **PLAINTIFFS RESPONSE IN OPPOSION TO DEFEDNANTS FEDERAL NATIONAL MORTGAGE ASSOCIATION, RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND BANK OF AMERICAS' MOTION TO DIMSISS** <br><br> NOTED FOR HEARING: <br> October 2, 2012 |

COMES NOW Plaintiff, by and through his counsel of record John A. Long and John Long Law PLLC, and respectfully submits his Response in Opposition to Defendants Federal National Mortgage Association (hereinafter "Fannie Mae"), Mortgage Electronic Registration System, Inc. (hereinafter "MERS"), ReconTrust Company, N.A. (hereinafter "ReconTrust"), and Bank of America, N.A., successor by merger to Countrywide Bank, FSB and BAC Home Loans Servicing, LP (hereinafter "BAC") (collectively defendants) motion for an order to dismiss

Plaintiff's Complaint pursuant to FRCP 12(b)(6).  Plaintiff hereby objects to Defendants Motion to Dismiss as follows:

## 1. STATEMENT OF FACTS

Plaintiff is the owner a home in Spokane, Washington (hereinafter "Home") which is encumbered by a residential mortgage Deed of Trust to secure a loan he obtained from American Mortgage Network, Inc. (hereinafter AMNET) in August, 2006; the Deed of Trust identifies Plaintiff as "Borrower"; AMNET as "Lender"; First American Title Corp as "Trustee"; and, MERS as "Beneficiary".

Plaintiff began experiencing financial hardship and attempted to obtain a loan modification with BAC (who he believed was the holder of his obligation to AMNET), the application process began in late, 2010 and continued through July, 2011.  BAC sent Plaintiff a Home Affordable Modification Program (HAMP) application package to be completed and returned.  Plaintiff promptly returned the application and complied with all subsequent requirements and requests for documentation.  Plaintiff maintained contact with BAC throughout the application process at which time a Notice of Trustee Sale was filed for Plaintiff's Home.

BAC informed Plaintiff that as long as his modification application was being reviewed, no action to foreclose would be taken. Thereafter, Plaintiff was contacted by a real estate agent who informed him that the property had sold, all the while BAC insisted had not.  Defendants continued to falsely assure Plaintiff that no foreclosure had or would take place during the review process, which was not the case.

# I. ARGUMENT

**A. Legal Standard: Plaintiffs have plead sufficient facts to substantiate a right to relief**

"It is axiomatic that the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Pierce v. NovaStar Mortg., Inc.* 422 F.Supp.2d 1230, 1234 (W.D.Wash.,2006), *quoting: Hall v. City of Santa Barbara, 833 F.2d 1270, 1274 (9th Cir.1986) Santa Barbara*. FRCP 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's complaint provides well-pleaded factual allegations that facially plausible claims to relief from which the Court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When reviewing a motion to dismiss, the allegations of material fact in Plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *See Parks Sch. of Bus., Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995)

Defendants' Motion to Dismiss unsuccessfully attacks Plaintiff's causes of action because Plaintiff has provided sufficient facts under cognizable legal theories to support his Complaint. *See: Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). However, "If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal and any dismissal without leave to amend is improper unless it is clear, upon de novo reviews that the compliant could not be saved by any amendment." *Wells v. Chase Home Finance, LLC*, 2010 WL 4858252 (U.S. District Court, W.D. November 19, 2010) Plaintiff asks, in the alternative to dismissal, for leave to amend his complaint.

**B. The facts do not support a finding of Waiver as asserted by Defendants, thus Plaintiff's claims are not barred as a matter of law**

Defendants argue that Plaintiff's failure to enjoin the Trustee sale of his home prior to the sale date constitutes waiver under the Washington Deed of Trust Act (hereinafter "DTA"). Drawing authority from *Brown v. Household Realty Corp.,* waiver may be found when owner receives notice of the sale, has knowledge of the claims and defenses to foreclosure, and fails to restrain the sale. *Brown v. Household Realty Corp.*, 146 Wash. App. 157, 165, 189 P.3d 233, 237 (2008) Plaintiff's claims for Wrongful Foreclosure, harm from ReconTrust's failure to act in good faith as a neutral third party, the wrongful sale and purchased of Plaintiff's Home necessitating Quiet Title and Slander of Title could not be raised absent the Trustee sale of Plaintiff's Home.

1. <u>Wrongful Foreclosure</u>

As plead in Plaintiff's complaint, Defendants were not authorized to conduct the Trustee sale of Plaintiff's Home under the DTA. Had no sale taken place, as was originally claimed by Defendant (*See* Compl., ¶ 3.7), Plaintiff would have little need to file suit and enjoin the sale believing he was in substantive negotiations with Defendant for loan modification. Plaintiff's reasonable reliance on Defendants continual assurances that the sale would not take place, swindled Plaintiff from asserting claims prior to the sale. The misconduct of Defendants culminated in the sale of Plaintiff's home, Defendants' claimed that they were working to preserve Plaintiff's rights and keep him in his Home which deterred Plaintiff from filing suit. Plaintiff cannot be held to have knowingly waived his right to enjoin the sale of his Home for having succumbed to Defendants' deceitful tactics. The circumstances here find that Plaintiff was not aware nor could reasonably have known what was taking place until after the Sale of his home, thus waiver cannot be found.

2. <u>ReconTrust's Failure to act as a Neutral Third Party</u>

Defendant, ReconTrust's one-sided conduct in favor of Co-Defendants is in breach of their required duty to act in good faith towards Plaintiff. In *Cox v. Helenius*, the court said that the trustee "is a fiduciary for both the mortgagee and mortgagor and must act impartially between them." The trustee must conduct the sale, not only according to the statute, but in good faith to both parties and in such a way as to give every possible advantage to both. 18 Wash. Prac., Real Estate § 20.8 (2d ed.)  Plaintiff attempted to communicate with ReconTrust about the promises made by Defendant BAC that the sale would not take place during the modification process, these attempts were entirely ignored and Defendant ReconTrust conducted the sale. Trustees have obligations to all of the parties to the deed, including the homeowner *Bain v. Metro. Mortg. Group, Inc.,* 86206-1, 2012 WL 3517326 (Wash. Aug. 16, 2012) ReconTrust breached their duty by conducting the sale, giving rise to Plaintiff's claim at that moment; therefore the second element required for waiver cannot be satisfied.

3. <u>Plaintiff's Claim for Quiet Title arose from the Trustee Sale of his Home</u>

In an action for Quiet Title the defendant is any person who claims title or any lesser interest in the land that the plaintiff alleges is not genuine and that should be removed to clear the plaintiff's title or interest. 18 Wash. Prac., Real Estate § 11.6 (2d ed.) This action did not arise until Defendants' plan to sell the property to Fannie Mae came to fruition.  Although the remaining Defendant's wrongfully claimed interest in title prior to the sale, equitable title remained with Plaintiff.  At the time of sale, equitable and legal title was wrongfully transferred to Fannie Mae by the remaining Defendants, giving rise to Plaintiffs action to quiet title.

Accordingly, waiver cannot be found for Quiet Title due to the fact that legal and equitable title were not transferred to Defendant until the time of sale.

4. <u>Plaintiff's allegation for Slander of Title derives from Defendants' post-sale assertions</u>

To sustain and action for Slander of Title, Plaintiff must demonstrate that the statements concerning the plaintiff's title are false, the statements must be maliciously published; the statements must be spoken with reference to some pending sale or purchase of the plaintiff's property; the plaintiff must suffer pecuniary loss or injury as a result of the false statements; and, the statements must be such as to defeat the plaintiff's title. 16A Wash. Prac., Tort Law And Practice § 19.3 (3d ed.) Plaintiff's complaint satisfies the foregoing requirements; the facts indicate that Defendants made wrongful claim to title; Defendants knew or should have known that their attainment was wrongful, yet proceeded to assert ownership; claim of title is in reference to the Trustee Sale of Plaintiff's Home; Plaintiff has been injured through the foreclosure sale of his real property; and the assertions by Defendant, if taken as true, will deprive him of title to his Home.

The circumstance giving rise to Plaintiff's claim for Slander of Title took place post-sale and as such could not be required before. Plaintiff's claim for slander of title derives from Defendants' conduct at the time of sale and thereafter, thus Plaintiff could not have waived this claim.

5. <u>Plaintiff has not waived his right to relief</u>

The Washington State Supreme Court recently confirmed an appellate court holding that failure of the homeowner to pursue presale remedies did not constitute a waiver of their right to bring a postsale challenge. *Albice v. Premier Mortg. Services, Inc. 174 Wash 2nd 560 (May 24, 2012).*

Waiver should be applied where it is equitable under the circumstances and where it serves the goals of the Act. There are three purposes for the Deed of Trust Act: first, to create an efficient and inexpensive process for nonjudicial foreclosures; Second, the process should provide an adequate opportunity for interested parties to prevent wrongful foreclosure; and, third, the process should promote the stability of land titles. *Peoples Nat'l Bank of Wash v. Sotrander,* *6 Wash.App. 28.*

Unlike judicial foreclosures, trustee foreclosure sale are conducted with little to no oversight. Still once a property is sold the act favors purchasers over borrowers by giving preference to stability of land titles. This is accomplished by creating a rebuttable presumption that the sale was conducted in compliance with the procedural requirements of the Act. For this reason the Albice court concluded the second goal of -- that nonjudicial foreclosure process should result in a party having adequate opportunity to prevent wrongful foreclosure becomes particularly important. (*Albice at 570-571*).

In the present case, the balance between protection of the homeowner by requiring strict compliance with the Act and the goal of stability of titles clearly calls for allowing the Defendant to seek the return of title and continued possession of his Home because there was no third party purchaser. The beneficiary took the property back.

**C. Plaintiff's First, Second, Third, Fifth, Sixth, Seventh and Eighth Claims are with Merit**

Defendants contend that the deed Deed of Trust Act requires that any post-sale claims premised on violations of the Act only be brought against the trustee. *Mickelson v. Chase Home Fin. LLC*, C11-1445MJP, 2012 WL 1301251 (W.D. Wash. Apr. 16, 2012) However, Plaintiff does not point to an occasional disobedience of the DTA standards as a basis for relief, but that the Trustee Sale of his home as directed, conducted and enforced by Defendants was wholly

unauthorized.  Further, claims Three and Four are based on harm resulting from Defendants' misrepresentations to Plaintiff and are not premised by the DTA, in addition claims for violations of the Washington State Consumer Protection Act (hereinafter WCPA) must be viewed in light of the recent Washington State Supreme Court Decision, *Bain v. Metropolitan Mortgage Group*.

1. According to *Bain v. Metropolitan Mortgage Group*, the Washington State Supreme Court has held that MERS is not a beneficiary under the DTA

Defendants contend that "Washington Courts have repeatedly upheld the appointment of MERS as the Beneficiary." (*See* MPA ¶C-1) In light of the recent *Bain* the Washington State Supreme Court has found the opposite to be true.  The Court found that under the plain language of the deed of trust act, this appears to be a simple question. Since 1998, the deed of trust act has defined a "beneficiary" as "the holder of the instrument or document evidencing the obligations secured by the deed of trust, excluding persons holding the same as security for a different obligation." Laws of 1998, ch. 295, § 1(2), codified as RCW 61.24.005(2).[8] Thus, in the terms of the certified question, if MERS never "held the promissory note" then it is not a "lawful 'beneficiary.' *Bain v. Metro. Mortg. Group, Inc*., 86206-1, 2012 WL 3517326 (Wash. Aug. 16, 2012)

The Court went on to determine that MERS, in capacity matching the case at hand, "Is not a "holder" under the plain language of the statute," and therefore cannot be the beneficiary of Plaintiff's Note and Deed of Trust. *Bain v. Metro. Mortg. Group, Inc.,* 86206-1, 2012 WL 3517326 (Wash. Aug. 16, 2012)

Given that MERS is an ineligible " 'beneficiary' within the terms of the Washington Deed of Trust Act," if it never held the promissory note or other debt instrument secured by the deed of trust. *Bain v. Metro. Mortg. Group, Inc*., 86206-1, 2012 WL 3517326 (Wash. Aug. 16,

2012.) Therefore, the assignment by MERS as beneficiary under the Deed of Trust to BAC on December 22, 2010 was inconsequential. Further, any assignment, appointment or substitution premised by the MERS assignment to BAC is invalid. MERS's failure to qualify as a beneficiary in this instance renders the assignment to BAC invalid, BAC's appointment of ReconTrust a nullity and the Trustee Sale in turn, unlawful.

MERS has brought no evidence to show they held Plaintiff's promissory note at the time of purported assignment to BAC nor proof to indicate that a proper transfer of the note from AMNET to MERS took place, therefore the claim that MERS is a beneficiary in this instance is erroneous.

2. <u>ReconTrust does not qualify as a valid trustee under the DTA</u>

In the Substitution of Trustee which names ReconTrust as the new trustee for Plaintiff's first Deed of Trust (that which is at issue in this case), appointment is by BAC as Beneficiary by Assignment from MERS. For the reasons above opposing MERS's claim as Beneficiary, appointment of ReconTrust by BAC is fruitless and they are not valid trustee under the DTA.

Further, the Spokane County recordings show that BAC's Substitution of ReconTrust as the new Trustee as document number 5963661 and the purported assignment of a beneficial interest by MERS to BAC as document number 5963662. The recording evidenced by the Spokane County Auditor's Office indicate that even if MERS were able to show they qualified as a Beneficiary, the Substitution of Trustee took place after the purported assignment by MERS to BAC and it is not as Defendant states, "MERS assigned the beneficial interest in the First Deed of Trust to BAC…Then appointed Defendant ReconTrust as successor Trustee." (*See* MPA §II p. 2)

For the foregoing reasons, ReconTrust does not qualify as a valid trustee under the DTA nor Washington recording requirements.

3. <u>Title was not properly transferred to Fannie Mae</u>

Under RCW 61.24.050 the trustee's deed shall convey all of the right, title, and interest in the real and personal property sold at the trustee's sale which the grantor had or had the power to convey at the time of the execution of the deed of trust Wash. Rev. Code Ann. § 61.24.050 As shown in the foregoing sections, without further evidence to indicate MERS as a proper Beneficiary, BAC had no interest to grant Fannie Mae via the Trustee Sale of Plaintiff's Home, therefore Title could not properly be transferred.

4. <u>ReconTrust's conduct constitutes a material violation of the DTA</u>

Defendants assert that MERS's assignment as beneficiary to BAC is valid, the foregoing illustrates it was not. If MERS cannot show they received proper assignment of the note, the subsequent assignment to BAC was invalid, ReconTrust failed to establish this and therefore misrepresented BAC's identity as the loan holder.

As shown above, the trustee has an obligation to all parties to the deed, including the homeowner. *Bain v. Metro. Mortg. Group, Inc.,* 86206-1, 2012 WL 3517326 (Wash. Aug. 16, 2012) Plaintiff relayed to ReconTrust BAC's assurances that the Trustee Sale would not take place while being considered for loan modification, to which ReconTrust replied, they would only listen to the BAC. (*See* Compl., ¶ 3.14) Defendant ReconTrust failed to act as a neutral third party in violation of the DTA. ReconTrust's violation was material given had they not breached their duty, the parties could have seen the modification application through and avoided litigation; ReconTrust's breach eradicates this option.

**D. Plaintiff's Third and Fourth Claims for Misrepresentation Establish a Claim for Relief**

1. <u>Defendants made false representations of existing fact</u>

Defendants made several false statements to Plaintiff during the course of his loan modification application. Defendant told plaintiff, that while being considered for a loan modification, foreclosure would not take place (when in fact it did); that the trustee sale would be postponed during application review (it was not); and, twice, that the sale had not taken place (when it actually had). (*See* Compl., ¶¶ 3.5-3.7) The assertions by Defendant are of existing facts, not future promises.

Also, Plaintiff was told by Defendant BAC that if the financial documentation submitted met underwriting guidelines for loan modification, a permanent modification would be granted. "A promise is an undertaking, however expressed, either that something shall happen or that something shall not happen, in the future. . . An implied contract, then, has no distinction from an express or written contract in terms of its legal significance. It simply differs in its mode of proof." *Plumbing Shop, Inc. v. Pitts*. 67 Wash.2d 514, 517 408 P.2d 382, 384 (December 2, 1965) Thus, Defendant's promise that they would modify if Plaintiffs satisfied underwriting standards is not a promise of future intent but an implied contract created once Plaintiff provided proof of their qualification of modification. Commitments were made by both parties which created an existing fact.

2. <u>Plaintiff relied on the representations of Defendants to his detriment</u>

Plaintiff relied on the misrepresentations of Defendants to his detriment by forgoing other possible option to retain his Home. To establish detrimental reliance, the promisee (here Plaintiff) must suffer legal detriment; that is, by doing something he is not legally obligated to

do; or by refraining from doing what he is legally privileged to do. 25 Wash. Prac., Contract Law And Practice § 2:23 Here, Plaintiff relied on the Defendant's promises that his Home would not be sold or had not been sold while he was being considered for modification; Defendant intended for Plaintiff to rely on their assertions and continue to deal with them in regard to their mortgage.

Plaintiff did rely on the assurances by BAC that the foreclosure sale would be canceled, he was told by Defendant BAC to call back later and he did.  Further, Defendant ReconTrust represented that because only BAC could stop the sale, he should call them, to which Plaintiff also relied.

Plaintiffs was justified in his reliance given that, "Under the doctrine of part performance an agreement which is not in writing may be proved without a writing if there is sufficient part performance of the agreement." 25 Wash. Prac., Contract Law And Practice § 3:13  Plaintiff's compliance with Defendant's requests during the modification process created an enforceable agreement which could then be relied upon.

Plaintiff had no reason to believe Defendants would not be truthful with him.  Plaintiff was induced to rely on the promises of BAC which resulted in the eventual foreclosure of his home.

**E. Plaintiff's Claim for Violations of the WCPA is with Merit**

The Court in *Bain* determined that MERS was claiming to be the beneficiary "when it [knew] or should know that under Washington law it must hold the note to be the beneficiary" and that such a claim is per se deceptive and/or unfair. *Bain v. Metro. Mortg. Group, Inc.,* 86206-1, 2012 WL 3517326 (Wash. Aug. 16, 2012) Defendant asserts that MERS has a beneficial interest and authority to act there from which is not the case and has the capability to deceive.

Further, MERS is involved with an enormous number of mortgages in the country (and our state), perhaps as many as half nationwide. John R. Hooge & Laurie Williams, *Mortgage Electronic Registration Systems, Inc.: A Survey of Cases Discussing MERS' Authority to Act,* Norton Bankr.L. Advisory No. 8, at 21 (Aug.2010). If in fact the language is unfair or deceptive, it would have a broad impact. This element is also presumptively met. *Bain v. Metro. Mortg. Group, Inc*., 86206-1, 2012 WL 3517326 (Wash. Aug. 16, 2012)

Defendant's misrepresentation and the harm deriving there from, satisfy the injury requirement under the WCPA given that if there have been misrepresentations, fraud, or irregularities in the proceedings, and if the homeowner borrower cannot locate the party accountable and with authority to correct the irregularity, there certainly could be injury under the CPA. *Bain v. Metro. Mortg. Group, Inc.,* 86206-1, 2012 WL 3517326 (Wash. Aug. 16, 2012)

Plaintiff has no recourse for the harm caused by Defendants in the purported handling of Plaintiff's note and therefore require correction by the party with the actually authority to do so.

**F. Conclusion**

Washington's deed of trust act should be construed to further three basic objectives." *Cox,* 103 Wash.2d at 387, 693 P.2d 683 (citing Joseph L. Hoffmann, Comment, *Court Actions Contesting the Nonjudicial Foreclosure of Deeds of Trust in Washington,* 59 Wash. L.Rev. 323, 330 (1984)). "First, the nonjudicial foreclosure process should remain efficient and inexpensive. Second, the process should provide an adequate opportunity for interested parties to prevent wrongful foreclosure. Third, the process should promote the stability of land titles." *Bain v. Metro. Mortg. Group, Inc.,* 86206-1, 2012 WL 3517326 (Wash. Aug. 16, 2012) Plaintiff contends that the second and third objective of the DTA require that Defendants' motion to dismiss be denied and that if Defendants are granted their motion, Plaintiff will be irreparably

harmed. Plaintiff needs the protection of this Court to restore and maintain the status quo so that any disputes between the parties can be resolved in a court of law. For these reasons and for the reasons set forth more fully above, Plaintiff respectfully request this Court deny the motion to dismiss requested by Defendants.

DATED this 4th day of September, 2012.

BY: /s/ *John A. Long*
John A. Long, WSBA 15119
Attorney for Plaintiff

BY: */s/ Brett C. Masch*
Brett C. Masch, WSBA 43851
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby under penalty of perjury under the laws of the State of Washington and the United States of America that on this 4th day of September, 2012, I electronically filed the foregoing document: PLAINTIFFS RESPONSE IN OPPOSION TO DEFEDNANTS FEDERAL NATIONAL MORTGAGE ASSOCIATION, RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND BANK OF AMERICAS' MOTION TO DIMSISS with the Clerk of the Court using the CM/ECF System, and I have mailed the foregoing document via email to the following:

John S. Devlin, III
Lane Powell PC- SEA
1420 Fifth Avenue Suite 4100
Seattle, WA 98101
Email: devlinj@lanepowell.com

Dated this 4th Day of September, 2012

/s/ *Brett C. Masch*
Brett C. Masch, WSBA No. 43851
John Long Law PLLC
Attorney for Plaintiffs