UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREGORY A. BEADLES,<br><br>            Plaintiff,<br><br>vs.<br><br>RECONTRUST COMPANY, N.A., et al.,<br><br>           Defendants. | NO. CV-12-00378-JLQ<br><br>ORDER RE: MOTION TO DISMISS |

BEFORE THE COURT is the Motion to Dismiss pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim (ECF No. 16) filed on behalf of Defendants Federal National Mortgage Association ("Fannie Mae"), ReconTrust Company ("ReconTrust"), Mortgage Electronic Registration Systems ("MERS"), and Bank of America, N.A., the successor by merger to Countrywide Bank, FSB, and BAC Home Loans Servicing LP (herein "BofA") and collectively "Defendants".  Response (ECF No. 18) and Reply (ECF No. 19) briefs have been filed.

**I. Introduction**

This action was originally filed in state court on January 3, 2012, and removed to this court on June 4, 2012.  The Complaint alleges that Plaintiff Gregory Beadles owns real property at 406 E Gettysburg Ct, Spokane, Washington (the "Property") that he refinanced in August 2006.  Plaintiff obtained a second loan on the Property in September 2007.  In 2010 and 2011, Plaintiff was experiencing financial hardship and was allegedly in communication with BofA regarding a possible loan modification. (Complaint, ¶ 3.4).  Plaintiff then received a Notice of Trustee sale, setting a sale date of

ORDER - 1

July 1, 2011.

Plaintiff contends that he was told that as long as the loan modification process was underway, the sale would not occur. However, the sale did occur on July 1, 2011. Plaintiff contends the Property was sold by ReconTrust at a public auction at which Fannie Mae purchased the property for $163,864. Plaintiff alleges numerous wrongful and deceptive acts on behalf of Defendants and asserts the following claims: 1) wrongful foreclosure, 2) breach of duty of good faith, 3) negligent or intentional misrepresentation, 4) negligent or intentional misrepresentation against BofA, 5) violation of the Washington State Consumer Protection Act, 6) wrongful foreclosure, 7) quiet title, and 8) slander of title. Defendant seeks title to the property and monetary damages including attorney's fees and costs.

**II. Discussion**

Defendants argue that Plaintiff has admitted he was in default on the loan, and admits that he received notice that the foreclosure sale would occur on July 1, 2011. Defendants claim that under the Washington Deed of Trust Act ("WDTA"), RCW § 61.24.005 et seq., by failing to seek relief prior to the foreclosure sale, "Plaintiff is not entitled to the requested relief because all claims to invalidate the sale and certain claims for damages were waived at the time of foreclosure." (ECF No. 17, p. 1). There are four Defendants, and eight claims. Not all claims are asserted against all four Defendants. Defendants argue that certain claims are waived or fail as a matter of law as to individual Defendants. The court will address the claims seriatim for the sake of clarity.

1. **Wrongful Foreclosure** - This claim is asserted against all four of the Defendants. Defendants assert it is waived due to Plaintiff's failure to seek relief prior to the foreclosure sale. The court agrees, and this claim will be dismissed. In *Plein v. Lackey*, 149 Wash.2d 214 (2003), the Washington Supreme Court stated: "The failure to take advantage of the presale remedies under the deed of trust act [RCW 61.24.005 et seq.] may result in the waiver of the right to object to the sale." *Id.* at 227. Waiver will be found where a party: 1) received notice of the right to enjoin the sale, 2) had actual or

ORDER - 2

constructive knowledge of a defense to foreclosure, and 3) failed to bring an action to obtain a court order enjoining the sale. *Id.* at 227.

Plaintiff has pled that he received the Notice of Trustee sale prior to the foreclosure sale. (Complaint, ¶ 3.4). Plaintiff did not seek to enjoin the sale prior to the sale occurring on July 1, 2011, and in fact did not file his Complaint in state court until January 3, 2012. Thus, the only remaining element to establish waiver, is whether Plaintiff had actual or constructive knowledge of a defense to foreclosure. "[I]n applying the waiver doctrine, a person is not required to have knowledge of the legal basis for his claim, but merely knowledge of the facts sufficient to establish the elements of a claim that could serve as a defense to foreclosure." *Brown v. Household Realty Corp.*, 146 Wash.App. 157, 164 (Wash.App. Div. 1, 2008). Defendants argue that because Plaintiff's alleged defense to the foreclosure sale is based on documents and information he had prior to the sale this element is met. (ECF No. 17, p. 6).

Plaintiff's Response (ECF No. 18) does not directly address whether the three waiver elements have been met. Instead, Plaintiff argues that because Defendants made continual assurances that the sale would not take place, he was deterred from filing suit to enjoin the sale. (ECF No. 18, p. 4). The court finds that Plaintiff's alleged detrimental reliance on Defendant's statements does not prevent the operation of the waiver doctrine. In *Plein*, the homeowner filed suit nearly two months before the trustee's sale, but did not move for a temporary restraining order or preliminary injunction. The Washington Supreme Court stated that "any objection to the trustee's sale is waived where presale remedies are not pursued." 149 Wash.2d at 229.

Additionally, Plaintiff's claims concerning the alleged misrepresentations are asserted in Counts III and IV against all Defendants and those counts are not subject to the waiver doctrine. RCW 61.24.127(1)(a) provides that a failure to seek to enjoin a foreclosure sale does not waive a claim for damages based on fraud or misrepresentation. Although a misrepresentation claim is not waived, a plaintiff may only seek monetary damages. Under RCW 61.24.127(2), a claim may not affect the validity or finality of the

ORDER - 3

foreclosure sale and "may not seek any remedy at law or in equity other than monetary damages." Plaintiff's claim for wrongful foreclosure seeks to have the sale set aside and the property returned to him. (Complaint, ¶ 4.3). This claim has been waived. The Motion is GRANTED as to Count 1 and that claim will be dismissed.

2. **Breach of Duty of Good Faith** - This claim is asserted against only ReconTrust. Plaintiff asserts that ReconTrust had a duty to act in good faith towards Plaintiff and that by going forward with the sale, despite Plaintiff informing ReconTrust of his belief that the sale should not go forward due to loan modification discussions, ReconTrust breached this duty. (ECF No. 18, p. 5). Defendant counters that ReconTrust had no duty to cancel or continue the sale, and cite to RCW § 61.24.040(6), which provides that the "trustee has no obligation to, but may, for any cause the trustee deems advantageous, continue the sale...". A trustee does have a duty to the borrower under the WDTA. Specifically RCW 61.24.010(4) provides that the trustee "has a duty of good faith to the borrower, beneficiary, and grantor." Further, the Washington Supreme Court has stated: "Trustees have obligations to all of the parties to the deed, including the homeowner." *Bain v. Metropolitan Mortg. Group*, 285 P.3d 34, 38 (2012). A claim that the trustee has failed to comply with obligations under the WDTA is not a claim that is waived by the failure to seek an injunction to prevent the foreclosure sale. RCW 61.24.127(1)(c). Accordingly, Plaintiff has stated a claim against ReconTrust, and the Motion to Dismiss is DENIED as to Count 2.

3. **Negligent and/or Intentional Misrepresentation** - This claim is asserted against MERS, BofA, and ReconTrust. Defendants argue that Plaintiff has not alleged a representation of existing fact or that the representations were directed at Plaintiff. Defendants also argue that Plaintiff has not alleged detrimental reliance.

Plaintiff argues that several false statements were made: 1) that while he was being considered for loan modification the foreclosure sale would not occur; 2) that the trustee sale would be postponed; 3) that the foreclosure sale had not occurred (when in fact it had); and 4) that if financial documentation was submitted that met underwriting

ORDER - 4

guidelines for loan modification, a permanent modification would be granted. (ECF No. 18, p. 11). Plaintiff alleges he relied on these representations to his detriment by foregoing other possible options to retain his home. Plaintiff also argues that the Defendants falsely represented their authority to foreclose. Paragraph 6.8 of the Complaint appears to allege that MERS knew it was not properly a beneficiary under the deed of trust and misrepresented its authority to Plaintiff, and Plaintiff makes similar allegations that BofA and ReconTrust misrepresented their authority as note holder and successor trustee respectively. See Complaint, ¶¶ 6.4 & 6.5.

Under Washington law, a plaintiff alleging negligent misrepresentation must prove: 1) that the defendant supplied information for use in a business transaction that was false; 2) the defendant knew or should have known the information was supplied to guide the plaintiff in a business transaction; 3) the defendant was negligent in obtaining or communicating the false information; 4) the plaintiff relied on the false information; 5) the plaintiff's reliance was reasonable; and 6) the false information proximately caused the plaintiff damages. *Austin v. Ettl*, 2012 WL 4510867 (Div. 2, 2012) citing *Ross v. Kirner*, 162 Wash.2d 493, 499 (2007). Intentional misrepresentation is similar, but is sometimes described as consisting of nine elements: 1) representation of existing fact; 2) materiality; 3) falsity; 4) the speaker's knowledge of falsity; 5) intent of the speaker that the information be acted on by plaintiff; 6) plaintiff's ignorance of falsity; 7) plaintiff's reliance; 8) plaintiff's right to rely; and 9) damages. *West Coast, Inc. v. Snohomish County*, 112 Wash.App. 200, 206 (Div. 1, 2002).

Plaintiff's allegations are sufficient to state a claim. He asserts that he was supplied information in the course of his dealings with Defendants, that the information was false, that he relied on this information to his detriment, and suffered damages. Plaintiff does not contest that he was in default, he failed to cure the default, and he received notice of the foreclosure sale. It may be difficult for Plaintiff to establish damages as he will have to establish that he had other viable options to avoid foreclosure. He alleges in Paragraph 6.15 of the Complaint that were it not for the misrepresentations he would have been able

to "contact the actual holder of the note to resolve the default and otherwise make arrangements to avoid foreclosure." This raises questions of fact beyond the scope of the Motion to Dismiss, and the Motion is DENIED as to Count 3.

    4. **Negligent and/or Intentional Misrepresentation** - This claim is asserted against only B of A. Plaintiff contends that misrepresentations were made concerning loan modification in that he was told his home would not be sold at the July 1, 2011 Trustee sale. (Complaint, ¶¶ 7.4 - 7.6). These allegations survive the motion to dismiss. The allegations, if proven, could support an award of damages. Plaintiff argues that but-for the misrepresentations he could have pursued other avenues to avoid the foreclosure sale. The Motion to Dismiss as to Count 4 is DENIED.

    5. **Washington Consumer Protection Act Claim** - This claim is asserted against B of A, ReconTrust, and Fannie Mae.[1] Plaintiff alleges that the Defendants have engaged in a course of conduct in executing, recording and relying upon documents it should have known to be false. Plaintiff claims the Defendants are engaged in deceptive acts. Defendants argue this claim fails as a matter of law because Plaintiff has not alleged a public interest impact, and that his allegations are specific to Plaintiff's own experience and do not evidence a generalized pattern of actions.

    In his Response brief, Plaintiff relies on the Washington Supreme Court's recent opinion in *Bain v. Metro. Mortg. Group*, 2012 WL 3517326 (August 16, 2012). Plaintiff claims that Bain stands for the proposition that MERS claiming to be the beneficiary when it does not hold the note is *per se* deceptive or unfair.

    To prevail on a claim under the Washington Consumer Protection Act, a plaintiff must show: 1) an unfair or deceptive act or practice; 2) occurring in trade or commerce; 3) public interest impact; 4) injury to plaintiff in his business or property; and 5) causation. *Bain*, 285 P.3d 34, 49 (2012). Contrary to Plaintiff's argument, the

---

[1] According to the heading for Count 5 the claim is asserted against BofA, ReconTrust, and Fannie Mae, however para. 8.2 of the Complaint asserts that MERS, BofA, and Fannie Mae (but not ReconTrust) violated the CPA.

ORDER - 6

Washington Supreme Court did **not** hold that MERS claiming to be the beneficiary was per se deceptive. The court stated: "While we are unwilling to say it is per se deceptive, we agree that characterizing MERS as the beneficiary has the capacity to deceive," and thus the court found the first element was presumptively met. *Id.* at 51. As to the third element, which Defendants challenge here, the court stated, "MERS is involved with an enormous number of mortgages in the country (and our state), perhaps as many as half nationwide." *Id.* at 51. Thus, the court found the third element was also presumptively met.

The court also found that the fourth and fifth elements, injury and causation, would depend on the evidence presented. The court stated: "if there have been misrepresentations, fraud, or irregularities in the proceedings, and if the homeowner borrower cannot locate the party accountable and with authority to correct the irregularity, there certainly could be injury under the CPA." *Id.* at 51. Here, Plaintiff has alleged misrepresentations and has also alleged that he was damaged "by being unable to contact the actual holder of the note to resolve the default and otherwise make arrangements to avoid foreclosure." (Complaint ¶ 6.15). Plaintiff has successfully pled a cause of action under the CPA, at least against Defendant MERS. As to the remaining Defendants, the claim is not sufficiently pled. Plaintiff will be granted leave to amend his Complaint to clarify against which Defendants this claim is asserted, and to more specifically plead facts supporting the claim. Defendants' Motion to Dismiss Count 5 is DENIED as to MERS and GRANTED as to the remaining Defendants. Plaintiff is granted leave to amend.

6. **Wrongful Foreclosure** - This second count of wrongful foreclosure, is asserted against ReconTrust and BofA. This claim fails for the same reasons stated in the discussion *supra* of Count 1 and will be dismissed.

7. **Quiet Title** - This claim is asserted against all Defendants. This count asks that the sale be vacated and the property returned to Plaintiff. Claims brought after the foreclosure sale "may not affect in any way the validity or finality of the foreclosure sale

ORDER - 7

or a subsequent transfer of the property." RCW 61.24.127(2)(c).  Plaintiff has waived the right to seek return of the property by failing to timely seek to enjoin the sale. *Plein v. Lackey*, 149 Wash.2d 214, 227 (2003)"The failure to take advantage of the presale remedies under the deed of trust act [RCW 61.24.005 et seq.] may result in the waiver of the right to object to the sale."  In *Bain v. Metropolitan Mortg. Group*, 285 P.3d 34 (2012), the Washington Supreme Court declined to conclusively decide the legal effect of MERS unlawfully acting as beneficiary under the terms of the WDTA.  The court did, however, discuss the issue and said it had been presented with "no authority...for the suggestion that listing an ineligible beneficiary on a deed of trust would render the deed void and entitle the borrower to quiet title." *Id.* at 48.  While declining to answer the question, the court stated that it "tend[s] to agree" with MERS argument that "any violation of the deed of trust act should not result in a void deed of trust, both legally and from a public policy standpoint." *Id.* at 49.  The court finds this claim waived.  Plaintiff did not seek to enjoin the foreclosure despite having notice and did not file this lawsuit until 6 months after the sale.  One of the primary purposes of the WDTA is to promote stability of land titles. *Plein*, 149 Wash.2d 214, 225 (2003).  That purpose would not be served by allowing a quiet title claim under these circumstances.  Count 7 will be dismissed.

      8. **Slander of Title** - This claim is asserted against BofA, ReconTrust, and Fannie Mae.  A claim of slander of title consists of five elements: 1) false words; 2) maliciously published; 3) with reference to some pending sale or purchase of property; 4) which go to defeat plaintiff's title; and 5) result in plaintiff's pecuniary loss. *Majerus Const. v. Clifton*, 155 Wash.App. 1041 (Div. 3, 2010) citing *Rorvig v. Douglas*, 123 Wash.2d 854, 859 (1994).  The Washington Court of Appeals has stated that "the initiation of foreclosure proceedings cannot be deemed malicious in the context of a bona fide dispute over mortgage payments." *Krienke v. Chase Home Finance*, 140 Wash.App. 1032 (2007).  Here it is admitted that Plaintiff was in default.  It is also alleged that Fannie Mae was the purchaser of the Property, and it is unclear what false words Fannie Mae allegedly

maliciously published to defeat Plaintiff's title.  Further, Paragraph 11.6 seeks return of the Property.  Plaintiff's claim to return of the Property is waived, as discussed *supra*.  Claims brought after the foreclosure sale "may not affect in any way the validity or finality of the foreclosure sale or a subsequent transfer of the property." RCW 61.24.127(2)(c).  Count 8 will be dismissed, with leave to amend if Plaintiff wishes to attempt to assert a claim for monetary damages only.

**IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss (ECF No. 15) is **GRANTED IN PART** and **DENIED IN PART** as stated herein.  Counts 1, 6, & 7 are hereby dismissed.  The Motion is denied as to Counts 2, 3, & 4.  As to Counts 5 & 8, the Motion is granted in part, with leave to amend.

2. Plaintiff shall have **14 days** from the date of this Order to file an Amended Complaint.  The Amended Complaint shall not include claims which the court has ruled are waived.  The Amended Complaint should also not include American Mortgage Network, as that Defendant was dismissed by stipulation.  The Amended Complaint shall address the lack of clarity and specificity concerning Count 5 for violation of the Washington CPA.  The Amended Complaint may also attempt to re-plead Count 8.

**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 15th day of October, 2012.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE