THE HONORABLE JUSTIN L. QUACKENBUSH

John S. Devlin III, WSBA No. 23988
LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
Telephone:  206.223.7000
Facsimile:  206.223.7107

Attorneys for Defendant Federal
National Mortgage Association,
ReconTrust Company, N.A., Mortgage
Electronic Registration Systems, Inc.,
and Bank of America, N.A., as successor
by merger to Countrywide Bank, FSB
and BAC Home Loans Servicing, LP

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WASHINGTON
### AT SPOKANE

| | |
|---|---|
| GREGORY A. BEADLES,<br><br>                              Plaintiff,<br><br>          v.<br><br>RECONTRUST COMPANY, N.A.,<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., A<br>Delaware Corp., AMERICAN<br>MORTGAGE NETWORK, INC., A<br>Delaware Corp., COUNTRYWIDE<br>BANK, FSB; DOES 1-10 FEDERAL<br>NATIONAL MORTGAGE<br>ASSOCIATION,<br><br>                              Defendants. | No. CV-12-378-JLQ<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR BREACH OF DUTY TO ACT AS NEUTRAL THIRD PARTY; NEGLIGENT AND/OR INTENTIONAL; MISREPRESENTATION; VIOLATION OF CONSUMER PROTECTION ACT** |

Defendants Federal National Mortgage Association ("Fannie Mae"),

ReconTrust Company, N.A. ("ReconTrust"), Mortgage Electronic Registration

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 1

116589.0508/5551897.1

Systems, Inc. ("MERS"), and Bank of America, N.A., successor in interest by merger to Countrywide Bank, FSB and BAC Home Loans Servicing, LP ("BACHLS"), ("BANA") (collectively, "Defendants") hereby answer the First Amended Complaint ("Amended Complaint") of Plaintiff Gregory A. Beadles ("Plaintiff").  Unless expressly admitted herein, Defendants lack sufficient information or knowledge to admit or deny the allegations of the Amended Complaint and, on that basis, deny the allegations.

## PARTIES

1.     Answering Paragraph 1.1 of the Amended Complaint, Defendants lack sufficient information to admit or deny the allegations contained therein, and on that basis, deny the allegations.

2.     Answering Paragraph 1.2 of the Amended Complaint, Defendants admit that Plaintiff executed two deeds of trust secured by real property located in Spokane County, Washington, and that he borrowed funds to purchase the subject property.   As to the remainder of the allegations, Defendants lack sufficient information to admit or deny the allegations contained therein, and on that basis, deny the allegations.

3.     Answering the first Paragraph 1.3 of the Amended Complaint (page 2, lines 4-12), Defendants admit that ReconTrust Company, N.A. is a wholly-owned subsidiary of BANA, which is a wholly-owned subsidiary of BANA Holding Corp., which is a wholly-owned subsidiary of BAC North America Holding Company, which is a wholly-owned subsidiary of NB Holdings Corp., which is a wholly-owned subsidiary of Bank of America Corporation.   Defendants further admit that ReconTrust was appointed as a Successor Trustee of a deed of trust secured by the Property referenced in the Amended Complaint and conducted a non-judicial trustee's sale of the Property

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5551897.1

on July 1, 2011.  Unless so specifically admitted, the allegations of Paragraph 1.3 are denied.

4.    Answering the second Paragraph 1.3 of the Amended Complaint (page 2, lines 13-19), Defendants admit that MERS is a Delaware corporation. To the extent Paragraph 1.3 refers to a Deed of Trust, that document speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in the second Paragraph 1.3 contradict the document, they are denied. As to the remainder of the allegations, the allegations state legal conclusions to which no response is required.  The remaining portion of second Paragraph 1.3 contains legal conclusions, which require no response.  To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations contained therein, and on that basis, deny the allegations.

5.    Answering Paragraph 1.4 of the Amended Complaint, Defendants admit that BACHLS was a subsidiary of BANA, which merged into BANA on July 1, 2011.    Defendants further admit that MERS executed a written assignment in favor of BACHLS in 2010, and that written document speaks for itself and is the best evidence of its contents.  To the extent the allegations contained in Paragraph 1.4 contradict the document, they are denied.  Unless so specifically admitted, the allegations of Paragraph 1.4 are denied.

6.    Answering the first Paragraph 1.5 of the Amended Complaint (page 2, line 23 through page 3, line 2), Defendants admit that Plaintiff executed a deed of trust on the Property in 2007 (a copy of which is attached to the Amended Complaint as Exhibit 2), and borrowed money accordingly.   The referenced document speaks for itself and is the best evidence of its contents. To the extent the allegations contained in Paragraph 1.5 contradict the document, they are denied. Defendants further admit that BANA is the

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

successor to this Deed of Trust by merger to Countrywide Bank, FSB. As to the remainder of the allegations, Defendants lack sufficient information to admit or deny the allegations contained therein, and on that basis, deny the allegations.

7.     Answering the first Paragraph 1.6 of the Amended Complaint (page 3, lines 3-15), Defendants admit that Fannie Mae is a federally chartered corporation organized under the laws of the United States and conducts business in the state of Washington. Defendants admit that Fannie Mae purchased the subject mortgage at the July 1, 2011 trustee's sale. The remaining allegations consist of legal conclusions, and require no answer. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations contained therein as presently phrased, and on that basis, deny the allegations.

8.     Answering the second Paragraph 1.5 of the Amended Complaint (page 3, lines 16-20), Defendants lack sufficient information to admit or deny the allegations contained therein, and on that basis, deny the allegations.

9.     Answering the second Paragraph 1.6 of the Amended Complaint (page 3, lines 21-22), Defendants admit the allegations as to the named Defendants and lack sufficient information to admit or deny the allegations contained therein as to the Plaintiff and the Doe Defendants, and on that basis, deny the allegations.

## JURISDICTION AND VENUE

10.     Defendants admit the allegations in Paragraph 2.1 of the Amended Complaint.

## ALLEGED FACTS

11.     Answering the first Paragraph 3.1 of the Amended Complaint (page 4, lines 4-9), Defendants lack sufficient information to admit or deny the allegations contained therein, and on that basis, deny the allegations.

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 4

116589.0508/5551897.1

12. Answering the first Paragraph 3.2 of the Amended Complaint (page 4, lines 10-16), Defendants admit that on or about August 1, 2006, Plaintiff executed a promissory note and a deed of trust on the Property which was recorded under Spokane County recording number 5414465 (a copy of which is attached to the Amended Complaint as Exhibit 1), and borrowed money accordingly. Defendants admit that the promissory note and deed of trust are written documents. The documents are the best evidence of their contents. To the extent the allegations of Paragraph 3.2 contradict the writing, they are denied. As to the remainder of the allegations, Defendants lack sufficient information to admit or deny the allegations contained therein, and on that basis, deny the allegations.

13. Answering the first Paragraph 3.3 of the Amended Complaint (page 4, lines 17-25), Defendants admit that on or about September 10, 2007 Plaintiff executed a promissory note and a deed of trust on the Property which was recorded under Spokane County recording number 5585539 (a copy of which is attached to the Amended Complaint as Exhibit 2), and borrowed money accordingly. Defendants admit that the promissory note and deed of trust are written documents. The documents are the best evidence of their contents. To the extent the allegations contained in Paragraph 3.3 contradict the document, they are denied. As to the remainder of the allegations, Defendants lack sufficient information to admit or deny the allegations contained therein, and on that basis, deny the allegations.

14. Answering the first Paragraph 3.4 of the Amended Complaint (page 5, lines 1-10), Defendants admit that Plaintiff communicated with BACHLS regarding a Home Affordable Modification Program ("HAMP") application. Defendants further admit that a Notice of Trustee's Sale on the Property was

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 5

recorded on March 29, 2011, setting a sale date of July 1, 2011. As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations contained therein as presently phrased, and on that basis, deny the allegations.

15.   Answering the first Paragraph 3.5 of the Amended Complaint (page 5, lines 11-15), Defendants admit that Plaintiff communicated with BACHLS prior to the Trustee's Sale.  As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations contained therein as presently phrased, and on that basis, deny the allegations.

16.   Answering the first Paragraph 3.6 of the Amended Complaint (page 5, lines 16-20), Defendants admit that the Trustee's sale was not continued and that Plaintiff communicated with BACHLS prior to the Trustee's sale.  As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations contained therein as presently phrased, and on that basis, deny the allegations.

17.   Answering the first Paragraph 3.7 of the Amended Complaint (page 5, line 21 through page 6, line 6), Defendants admit that the Trustee's sale was held on July 1, 2011 and that Plaintiff communicated with BACHLS following the Trustee's sale.  As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations contained therein as presently phrased, and on that basis, deny the allegations.

18.   Answering the first Paragraph 3.8 of the Amended Complaint (page 6, lines 7-9), Defendants admit BACHLS executed and recorded under Spokane County recording number 5963661 a Substitution of Trustee on December 22, 2012 (a copy of which is attached to the Amended Complaint as Exhibit 3). Defendants admit that the Substitution of Trustee is a written document.  The

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 6

LANE POWELL pc
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

document itself is the best evidence of its contents.  To the extent the allegations of Paragraph 3.8 contradict the document, they are denied.

19.    Answering the second Paragraph 3.1 of the Amended Complaint (page 6, lines 10-13), Defendants admit MERS executed and recorded under Spokane County recording number 5963662  an Assignment of the deed of trust on December 22, 2010 (a copy of which is attached to the Amended Complaint as Exhibit 4).  Defendants admit that the Assignment is a written document.  The document itself is the best evidence of its contents.  To the extent the allegations of Paragraph 3.1 contradict the writing, they are denied.

20.    Answering the second Paragraph 3.2 of the Amended Complaint (page 6, lines 14-16), Defendants admit ReconTrust recorded under Spokane County recoding number 5989383 a Notice of Trustee Sale of the Property set for July 1, 2011 (a copy of which is attached to the Amended Complaint as Exhibit 5).   Defendants admit that the Notice of Trustee's Sale is a written document.  The document itself is the best evidence of its contents. To the extent the allegations of Paragraph 3.2 contradict the writing, they are denied.

21.    Answering the second Paragraph 3.3 of the Amended Complaint (page 6, lines 17-19), Defendants admit ReconTrust conducted a non-judicial Trustee Sale of the Property on July 1, 2011 and that Fannie Mae purchased the property at the July 1, 2011 sale.  Defendants further state that ReconTrust was fully authorized to conduct the sale and did so in complete and/or substantial compliance with all applicable laws.  Except as so admitted, the allegations are denied.

22.    Answering the second Paragraph 3.4 of the Amended Complaint (page 6, lines 20-24), Defendants admit BACHLS recorded an Assignment of the Deed of Trust on July 19, 2011 under Spokane County recording number

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 7

6014333 (a copy of which is attached to the Amended Complaint as Exhibit 6). Defendants admit that the Assignment is a written document. The document itself is the best evidence of its contents. To the extent the allegations of Paragraph 3.4 contradict the writing, they are denied. Except as so admitted, the allegations are denied.

23.    Answering the second Paragraph 3.5 of the Amended Complaint (page 7, lines 1-3), Defendants admit ReconTrust recorded a Trustee's Deed conveying the Property from BACHLS to Fannie Mae on July 19, 2011 under Spokane County recording number 6014334 (a copy of which is attached to the Amended Complaint as Exhibit 7). Defendants admit that the Trustee's Deed is a written document. The document itself is the best evidence of its contents. To the extent the allegations of Paragraph 3.5 contradict the writing, they are denied.

24.    Answering the second Paragraph 3.6 of the Amended Complaint (page 7, lines 4-8), Defendants admit that the Trustee's Deed is a written document. The document itself is the best evidence of its contents. To the extent the allegations of Paragraph 3.6 contradict the writing, they are denied.

25.    Answering the second Paragraph 3.7 of the Amended Complaint (page 7, lines 9-10), Paragraph 3.7 refers to a written document, a Trustee's Deed. The document itself is the best evidence of its contents. To the extent the allegations contained in Paragraph 3.7 contradict the writing, they are denied. As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations contained therein as presently phrased, and on that basis, deny the allegations.

26.    Answering the second Paragraph 3.8 of the Amended Complaint (page 7, lines 11-14), Paragraph 3.8 refers to a written document. The document

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 8

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5551897.1

itself is the best evidence of its contents.    To the extent the allegations in Paragraph 3.8 contradict the writing, they are denied.    As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations contained therein as presently phrased, and on that basis, deny the allegations.

27.    Answering Paragraph 3.9 of the Amended Complaint, the allegations state conclusions of law to which no response is required.    To the extent a response is required, the allegations in Paragraph 3.9 are denied.

28.    Answering Paragraph 3.9.1 of the Amended Complaint, the referenced document is the best evidence of its contents.    To the extent the allegations in Paragraph 3.9.1 contradict the writing, they are denied.    As to the remaining allegations, the allegations state conclusions of law to which no response is required.    To the extent a response is required, the allegations in Paragraph 3.9.1 are denied.

29.    Answering Paragraph 3.9.2 of the Amended Complaint, the allegations state conclusions of law to which no response is required.    To the extent a response is required, the allegations in Paragraph 3.9.2 are denied.

30.    Answering Paragraph 3.9.3 of the Amended Complaint, the allegations state conclusions of law to which no response is required.    To the extent a response is required, the allegations in Paragraph 3.9.3 are denied.

31.    Answering Paragraph 3.10 of the Amended Complaint, the allegations state conclusions of law to which no response is required.    To the extent a response is required, the allegations in Paragraph 3.10 are denied.

32.    Answering Paragraph 3.11 of the Amended Complaint, the allegations state conclusions of law to which no response is required.    To the extent a response is required, the allegations in Paragraph 3.11 are denied.

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 9

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5551897.1

33.    Answering Paragraph 3.12 of the Amended Complaint, the allegations state conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that ReconTrust owed statutory duties, but the allegations in Paragraph 3.12 are otherwise denied.

34.    Answering Paragraph 3.13 of the Amended Complaint, Defendants deny the allegations contained therein.

35.    Answering Paragraph 3.14 of the Amended Complaint, Defendants lack sufficient information to admit or deny the allegations contained therein as presently phrased, and on that basis, deny the allegations.  As to the remaining allegations, the allegations state conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 3.14 are denied

36.    Answering Paragraph 3.15 of the Amended Complaint, Defendants deny the allegations contained therein.

37.    Answering Paragraph 3.15.1 of the Amended Complaint, the allegations state conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 3.15.1 are denied.

38.    Answering Paragraph 3.15.2 of the Amended Complaint, Paragraph 3.15.2 refers to a written document, a Notice of Default.  That document itself is the best evidence of its contents.  To the extent the allegations contained in Paragraph 3.15.2 contradict the writing, they are denied.  As to the remainder of the allegations, the allegations state conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 3.15.2 are denied.

39.    Answering Paragraph 3.15.3 of the Amended Complaint, Paragraph 3.15.3 refers to written documents.  Those documents are the best evidence of

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 10

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

their contents. To the extent the allegations contained in Paragraph 3.15.3 contradict the writings, they are denied. As to the remainder of the allegations, the allegations state conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 3.15.3 are denied.

40. Answering Paragraph 3.15.4 of the Amended Complaint, Paragraph 3.15.4 refers to a written document, a Notice of Trustee's Sale. The document itself is the best evidence of its contents. To the extent the allegations contained in Paragraph 3.15.4 contradict the writing, they are denied. As to the remainder of the allegations, the allegations state conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 3.15.4 are denied.

41. Answering Paragraph 3.15.5 of the Amended Complaint, Paragraph 3.15.5 refers to written documents. Those documents are the best evidence of their contents. To the extent the allegations contained in Paragraph 3.15.5 contradict the writings, they are denied. As to the remainder of the allegations, the allegations state conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 3.15.5 are denied.

42. Answering Paragraph 3.15.6 of the Amended Complaint, the allegations state conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 3.15.6 are denied.

43. Answering Paragraph 3.16 of the Amended Complaint, Defendants deny the allegations contained therein.

44. Answering Paragraph 3.17 of the Amended Complaint, Defendants deny the allegations contained therein.

45. Answering Paragraph 3.18 of the Amended Complaint, Defendants deny the allegations contained therein.

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 11

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

46. Answering Paragraph 3.18.1 of the Amended Complaint, the allegations state conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 3.18.1 are denied.

47. Answering Paragraph 3.18.2 of the Amended Complaint, Paragraph 3.18.2 refers to a written document, a Notice of Default. That document itself is the best evidence of its contents. To the extent the allegations contained in Paragraph 3.18.2 contradict the writing, they are denied. As to the remainder of the allegations, the allegations state conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 3.18.2 are denied.

48. Answering Paragraph 3.18.3 of the Amended Complaint, Paragraph 3.18.3 refers to a written document. The document itself is the best evidence of its contents. To the extent the allegations contained in Paragraph 3.18.3 contradict the writing, they are denied. As to the remainder of the allegations, the allegations state conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 3.18.3 are denied.

49. Answering Paragraph 3.18.4 of the Amended Complaint, Paragraph 3.18.4 refers to a written document, a Notice of Trustee's Sale. The document itself is the best evidence of its contents. To the extent the allegations contained in Paragraph 3.18.4 contradict the writing, they are denied. As to the remainder of the allegations, the allegations state conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 3.18.4 are denied.

50. Answering Paragraph 3.18.5 of the Amended Complaint, Paragraph 3.18.5 refers to a written document, a Trustee's Deed. That document itself is the best evidence of its contents. To the extent the allegations contained in

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5551897.1

Paragraph 3.18.5 contradict the writing, they are denied. As to the remainder of the allegations, the allegations state conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 3.18.5 are denied.

51. Answering Paragraph 3.18.6 of the Amended Complaint, Paragraph 3.18.6 refers to a written document, a Trustee's Deed. That document itself is the best evidence of its contents. To the extent the allegations contained in Paragraph 3.18.6 contradict the writing, they are denied. As to the remainder of the allegations, the allegations state conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 3.18.6 are denied.

52. Answering Paragraph 3.19 of the Amended Complaint, the allegations state conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 3.19 are denied.

53. Answering Paragraph 3.20 of the Amended Complaint, the allegations state conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 3.20 are denied.

54. Answering Paragraph 3.21 of the Amended Complaint, Paragraph 3.21 refers to a written document, a Trustee's Deed. The document itself is the best evidence of its contents. To the extent the allegations contained in Paragraph 3.21 contradict the writing, they are denied. As to the remainder of the allegations, the allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 3.21 are denied.

55. Answering Paragraph 3.22 of the Amended Complaint, Paragraph 3.22 refers to a written document, a Trustee's Deed. The document itself is the

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 13

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

best evidence of its contents. To the extent the allegations contained in Paragraph 3.22 contradict the writing, they are denied. As to the remainder of the allegations, the allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 3.22 are denied.

56. Answering Paragraph 3.23 of the Amended Complaint, Paragraph 3.23 refers to a written document, a Trustee's Deed, that writing speaks for itself and the writing is the best evidence of what is contained therein. To the extent the allegations contained in Paragraph 3.23 contradict the writing, they are denied. As to the remainder of the allegations, the allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 3.23 are denied.

57. Answering Paragraph 3.24 of the Amended Complaint, the allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 3.24 are denied.

58. Answering Paragraph 3.25 of the Amended Complaint, the allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 3.25 are denied.

59. Answering Paragraph 3.26 of the Amended Complaint, the allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 3.26 are denied.

60. Answering Paragraph 3.27 of the Amended Complaint, Paragraph 3.27 refers to a written document, a Trustee's Deed. The document itself is the best evidence of its contents. To the extent the allegations contained in Paragraph 3.27 contradict the writing, they are denied. As to the remainder of the allegations, the allegations state legal conclusions to which no response is

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 14

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

required. To the extent a response is required, the allegations in Paragraph 3.27 are denied.

## CAUSES OF ACTION[1]

### Second Cause of Action
### Alleged Breach of Duty to Act in Good Faith as a Neutral Third Party Against ReconTrust

61.     Answering Paragraph 5.1 of the Amended Complaint, Defendants incorporate by reference their answers to each and every preceding paragraph, as set forth in full herein.

62.     Answering Paragraph 5.2 of the Amended Complaint, Defendants deny the allegations contained therein.

63.     Answering Paragraph 5.3 of the Amended Complaint, Defendants deny the allegations therein.

### Third Cause of Action
### Alleged Negligent and/or Intentional Misrepresentation Against MERS, BACHLS and ReconTrust

64.     Answering Paragraph 6.1 of the Amended Complaint, Defendants incorporate by reference their answers to each and every preceding paragraph, as set forth in full herein.

65.     Answering Paragraph 6.2 of the Amended Complaint, the allegations state conclusions or recitations of law to which no response is

---

[1]  Defendants do not answer the allegations in Plaintiff's First (Wrongful Foreclosure), Sixth (Wrongful Foreclosure), Seventh (Quiet Title), and Eighth (Slander of Title) causes of action of the Amended Complaint because these allegations were dismissed by the Court in this Court's October 15, 2012 Order RE: Motion to Dismiss ("Order").  ECF No. 21 at 9:8-11.

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 15

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

required.    To the extent a response is required, the allegations contained in Paragraph 6.2 are denied.

66.    Answering Paragraph 6.3 of the Amended Complaint, the allegations state conclusions or recitations of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 6.3 are denied.

67.    Answering Paragraph 6.4 of the Amended Complaint, the allegations state conclusions or recitations of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 6.4 are denied.

68.    Answering Paragraph 6.5 of the Amended Complaint, the allegations state conclusions or recitations of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 6.5 are denied.

69.    Answering Paragraph 6.6 of the Amended Complaint, the allegations state conclusions or recitations of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 6.6 are denied.

70.    Answering Paragraph 6.7 of the Amended Complaint, the allegations state conclusions or recitations of law to which no response is required.    To the extent a response is required, Defendants admit that the Property was conveyed to Fannie Mae following the Trustee's Sale.  Except as so admitted, the allegations are denied.

71.    Answering Paragraph 6.8 of the Amended Complaint, Defendants deny the allegations therein.

72.    Answering Paragraph 6.9 of the Amended Complaint, Defendants

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 16

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5551897.1

lack sufficient information to admit or deny the allegations contained therein, and on that basis, deny the allegations.

73.    Answering Paragraph 6.10 of the Amended Complaint, Defendants deny that they made any misrepresentations.  By way of further answer, the allegations state conclusions or recitations of law to which no response is required.  To the extent a response is required, the allegations are denied.  As to the remainder of the allegations, Defendants lack sufficient information to admit or deny the allegations contained therein, and on that basis, deny the allegations.

74.    Answering Paragraph 6.11 of the Amended Complaint, Defendants deny that they made any misrepresentations.  As to the remainder of the allegations, Defendants lack sufficient information to admit or deny the allegations contained therein, and on that basis, deny the allegations.

75.    Answering Paragraph 6.12 of the Amended Complaint, Defendants deny the allegations therein.

76.    Answering Paragraph 6.13 of the Amended Complaint, Defendants deny the allegations therein.

77.    Answering Paragraph 6.14 of the Amended Complaint, Defendants deny the allegations therein.

78.    Answering Paragraph 6.15 of the Amended Complaint, Defendants deny the allegations therein.

**Fourth Cause of Action**
**Alleged Negligent and/or Intentional Misrepresentation**
**Against BACHLS**

79.    Answering Paragraph 7.1 of the Amended Complaint, Defendants incorporate by reference their answers to each and every preceding paragraph, as set forth in full herein.

80.    Answering Paragraph 7.2 of the Amended Complaint, the

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 17

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

allegations state conclusions or recitations of law to which no response is required. To the extent a response is required, Defendants deny that they breached any duty of care owed to Plaintiff.

81. Answering Paragraph 7.3 of the Amended Complaint, Defendants admit that Plaintiff communicated with BACHLS regarding a HAMP application. As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations contained therein as presently phrased, and on that basis, deny the allegations.

82. Answering Paragraph 7.4 of the Amended Complaint, Defendants lack sufficient information to admit or deny the allegations contained therein as presently phrased, and on that basis, deny the allegations.

83. Answering Paragraph 7.5 of the Amended Complaint, Defendants deny the allegations therein.

84. Answering Paragraph 7.6 of the Amended Complaint, the allegations state conclusions or recitations of law to which no response is required. To the extent a response is required, Defendants deny Plaintiff is entitled to damages or any other relief. As to the remaining allegations, Defendants lack sufficient information to admit or deny the allegations contained therein, and on that basis, deny the allegations.

## Fifth Cause of Action
### Alleged Violation of the Washington State Consumer Protection Act (RCW 19.86 et seq.) Against BACHLS, ReconTrust, Fannie Mae, and MERS.

85. Answering Paragraph 8.1 of the Amended Complaint, Defendants incorporate by reference their answers to each and every preceding paragraph, as set forth in full herein.

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 18

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5551897.1

86.    Answering Paragraph 8.2 of the Amended Complaint, Defendants deny the allegations therein.

87.    Answering Paragraph 8.3 of the Amended Complaint, Defendants deny the allegations therein.

88.    Answering Paragraph 8.4 of the Amended Complaint, Defendants deny the allegations therein.

89.    Answering Paragraph 8.4.1 of the Amended Complaint, the allegations state conclusions or recitations of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 8.4.1 are denied.

90.    Answering Paragraph 8.4.2 of the Amended Complaint, the allegations state conclusions or recitations of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 8.4.2 are denied.

91.    Answering Paragraph 8.4.3 of the Amended Complaint, Defendants lack sufficient information to admit or deny the allegations contained in the first sentence therein as presently phrased, and on that basis, deny the allegations. Further answering Paragraph 8.4.3, the allegations in the second sentence state conclusions or recitations of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 8.4.3 are denied.

92.    Answering Paragraph 8.4.4 of the Amended Complaint, Defendants deny the allegations therein.

93.    Answering Paragraph 8.5 of the Amended Complaint, Defendants deny the allegations therein.

94.    Answering Paragraph 8.5.1 of the Amended Complaint, the allegations state conclusions or recitations of law to which no response is

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 19

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

required. To the extent a response is required, the allegations in Paragraph 8.5.1 are denied.

95.    Answering Paragraph 8.5.2 of the Amended Complaint, the allegations state conclusions or recitations of law to which no response is required. To the extent a response is required, the allegations in Paragraph 8.5.2 are denied.

96.    Answering Paragraph 8.5.3 of the Amended Complaint, Defendants deny the allegations therein.

97.    Answering Paragraph 8.6 of the Amended Complaint, the allegations state conclusions or recitations of law to which no response is required. To the extent a response is required, the allegations in Paragraph 8.6 are denied.

98.    Answering Paragraph 8.6.1 of the Amended Complaint, the allegations state conclusions or recitations of law to which no response is required. To the extent a response is required, the allegations in Paragraph 8.6.1 are denied.

99.    Answering Paragraph 8.6.2 of the Amended Complaint, the allegations state conclusions or recitations of law to which no response is required. To the extent a response is required, the allegations in Paragraph 8.6.2 are denied.

100.    Answering Paragraph 8.6.3 of the Amended Complaint, Defendants deny the allegations therein.

101.    Answering Paragraph 8.6.4 of the Amended Complaint, the allegations state conclusions or recitations of law to which no response is required. To the extent a response is required, the allegations in Paragraph 8.6.4 are denied.

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 20

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5551897.1

102.   Answering Paragraph 8.7 of the Amended Complaint, the allegations state conclusions or recitations of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 8.7 are denied

103.   Answering Paragraph 8.8 of the Amended Complaint, the allegations state conclusions or recitations of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 8.8 are denied.

104.   Answering Paragraph 8.9 of the Amended Complaint, the allegations state conclusions or recitations of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 8.9 are denied.

105.   Answering Paragraph 8.10 of the Amended Complaint, Paragraph 8.10 refers to a written document, a Notice of Trustee's Sale, which is the best evidence of its contents.  To the extent the allegations contained in Paragraph 8.10 contradict the writing, they are denied.  As to the remaining allegations, the allegations state conclusions or recitations of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 8.10 are denied.

106.   Answering Paragraph 8.11 of the Amended Complaint, the allegations state conclusions or recitations of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 8.11 are denied.

107.   Answering Paragraph 8.12 of the Amended Complaint, Defendants deny the allegations therein.

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 21

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

## PRAYER FOR RELIEF

108.   Defendants deny Plaintiff is entitled to the relief sought, or any other relief.[2]

## AFFIRMATIVE DEFENSES

Defendants hereby allege the following separate and distinct defenses and affirmative defenses without conceding that Defendants necessarily bear the burden of proof or persuasion:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Amended Complaint, and each claim therein, fails to set forth facts sufficient to state a claim against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Contribution)

Without admitting any of the allegations in the Amended Complaint, Defendants allege that the injuries and/or damages alleged by Plaintiff were proximately caused by, occurred, and/or were contributed to by Plaintiff's own acts or failures to act.

---

[2] Plaintiff's Amended Complaint continues to seek relief in the form of quiet title to the Property in conflict with this Court's October 15, 2012 Order. *See* Order, ECF No. 21, 8:1-18; Compl., ¶¶ 12.1,12.2

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 22

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

## THIRD AFFIRMATIVE DEFENSE

### (Fault of Plaintiff)

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, and not by Defendants.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Actual Damages)

Plaintiff's claim is barred, in whole or in part, because he suffered no actual damages as a result of the actions alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Damages Unduly Speculative)

Plaintiff's claim for damages, if any, is barred because such damages, if they exist, are uncertain, vague, speculative and/or remote and therefore not recoverable.

## SIXTH AFFIRMATIVE DEFENSE

### (No Causation)

Plaintiff is barred, in whole or in part, from recovering from Defendants on any of their claims because there is no causal relationship between any injury alleged to have been suffered, and any act of Defendants.

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 23

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5551897.1

## SEVENTH AFFIRMATIVE DEFENSE

### (Consistent with Law and Applicable Regulations)

The First Amended Complaint and each claim set forth therein are barred because Defendants' conduct was consistent with all applicable laws and regulations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Fault of Others)

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendants assert as an affirmative defense that Plaintiff's claims are barred because Defendants' conduct was at all times undertaken in good faith.

## TENTH AFFIRMATIVE DEFENSE

### (Mistake)

Any alleged acts or omissions of Defendants that give rise to Plaintiff's claims are the result of innocent mistake.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's claims are barred, in whole or in part, by the failure to exercise reasonable care to mitigate his alleged damages, if any.

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 24

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

116589.0508/5551897.1

**TWELFTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Plaintiffs' claims are barred, in whole or in part, by the operation of any and all applicable statutes of limitation and requirements.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Business Practices Not Unlawful)

Plaintiff is barred from relief under RCW 19.86 because Defendants' business practices are not unlawful.  Defendants complied with all applicable statutes and regulations.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Business Practices Not Unfair)

Plaintiff is barred from relief under RCW 19.86 because Defendants' business practices are not unfair.  The utility of Defendants' practices outweigh any potential harm and/or the practices do not threaten an incipient violation of consumer law or violate the policy or spirit of one of those laws in that its effects are comparable to or the same as a violation of the law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Business Practices Not Deceptive)

Plaintiff is barred from relief under RCW 19.86 because Defendants' business practices are not deceptive.  The practices are not likely to deceive, nor was there actual reliance by Plaintiff.

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 25

116589.0508/5551897.1

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

To the extent not set forth herein, Defendants reserve the right to assert additional defenses that become available or apparent during discovery and to amend their Answer accordingly.

## COUNTERCLAIM

### (Attorneys' Fees)

Pursuant to the Deed of Trust, Defendants are entitled to their attorneys' fees and costs incurred in defending this action.

WHEREFORE, Defendants pray:

1.   That Plaintiff takes nothing by way of his Amended Complaint;

2.   That Defendants be awarded their costs of suit incurred herein;

3.   That Defendants be awarded their attorneys' fees;

4.   That judgment be entered in favor of Defendants; and

5.   That Defendants be granted such other relief as the Court deems just and proper.

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 26

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

DATED:  December 7, 2012

LANE POWELL PC


By /s/John S. Devlin
    John S. Devlin III, WSBA No. 23988
    1420 Fifth Avenue, Suite 4100
    Seattle, WA  98101
    Telephone: 206-223-7000
    Facsimile:  206-223-7107
    Email: devlinj@lanepowell.com

Attorneys for Federal National Mortgage
Association, ReconTrust Company, N.A.,
Mortgage Electronic Registration
Systems, Inc., and Bank of America,
N.A., as successor by merger to
Countrywide Bank, FSB and BAC Home
Loans Servicing, LP

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT
NO. CV-12-378-JLQ - 27

116589.0508/5551897.1

# CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2012, I caused to be served a copy of the foregoing **Defendants' Answer to Plaintiff's First Amended Complaint** on the following person(s) in the manner indicated below at the following address(es):

| *Plaintiff's Counsel:* | |
|---|---|
| John A. Long, WSBA #15119<br>John Long Law PLLC<br>300 NE Gilman Blvd., Suite 100<br>Issaquah WA 98027<br>Phone: (425) 427-9660<br>Fax: (888) 735-6513<br>E-mail: jal@johnlonglaw.com | ☐ by **CM/ECF**<br>☑ by **Electronic Mail**<br>☐ by **Facsimile Transmission**<br>☑ by **First Class Mail**<br>☐ by **Hand Delivery**<br>☐ by **Overnight Delivery** |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed on this 7th day of December, 2012, at Seattle, Washington.

_____
Valerie M. Allen

CERTIFICATE OF SERVICE - 28

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

LIBW/1848771.2 065641-213479